In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2217

Eric D. Johnson,

Petitioner-Appellant,

v.

Gary R. McCaughtry, Warden,

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 99 C 162--Lynn Adelman, Judge.

Argued May 18, 2001--Decided September 7, 2001


   Before Easterbrook, Manion, and Evans,
Circuit Judges.

   Manion, Circuit Judge.  Eric D. Johnson
was convicted in Wisconsin state court of
two counts of first-degree intentional
homicide and sentenced to life
imprisonment on both counts. After
exhausting the appellate process and
post-conviction review in state court,
Johnson filed a petition for habeas
corpus in federal court. The district
court denied his petition, finding that
it was barred by the one-year statute of
limitations, and that equitable tolling
did not apply. Johnson appeals, and we
affirm.

I.  Background

   On the morning of September 1, 1992,
while sitting in the back seat of a car,
Eric Johnson shot to death George Cole
and Torrance Jackson, who were seated in
the front seat. A detective dispatched to
the scene testified that Cole, sitting in
the driver's seat, had a gunshot wound to
the left side of his face and an exit
wound on the right side of his head.
Jackson, sitting in the passenger seat,
had a gunshot wound to the back of his
head, with a majority of his head
missing. One of the police detectives
testified that Johnson confessed to
meeting with Cole and Jackson in order to

sell Jackson a shotgun, going to a bank with them, getting into a disagreement with Jackson, shooting Jackson in the head and then shooting Cole in the head because Cole saw him shoot Jackson. At trial, Johnson testified in his own defense, blaming a fourth individual named Earl for the shootings. The jury apparently believed Johnson's confession because, on December 3, 1992, it found him guilty of two counts of first-degree intentional homicide while armed. On January 15, 1993, the trial judge sentenced Johnson to serve a life sentence on each count, to be served consecutively. On November 21, 1994, the Wisconsin Court of Appeals affirmed Johnson's conviction. Johnson then filed a petition for review with the Wisconsin Supreme Court, which was denied on February 21, 1995.

On June 27, 1996, Johnson filed his first petition for post-conviction relief in state trial court, arguing that he had received ineffective assistance of trial counsel, and that he had failed to raise that issue on direct appeal because his appellate counsel was ineffective./1 On July 2, 1996, the trial court dismissed his petition based on State v. Knight, 484 N.W.2d 540 (Wis. 1992) (holding that in order to bring a claim of ineffective assistance of appellate counsel, defendant must file petition in appellate court), and directing him to file his petition in the state appellate court. Johnson had ninety days to appeal that decision, see Wis. Stat. sec. 808.04(1), but he did not. Instead, on October 17, 1996, as the trial court had directed, he filed his petition in the state appellate court. On October 23, 1996, the Wisconsin Court of Appeals, in State ex rel. Rothering v. McCaughtry, 556 N.W.2d 136 (Wis. Ct. App. 1996), mandated that habeas corpus petitions based on ineffective assistance of postconviction (as distinguished from appellate) counsel be filed in a trial court. Relying on Rothering, on November 29, 1996, the Court of Appeals dismissed Johnson's petition and directed him to re-file his petition in the state trial court. Johnson had 30 days to appeal this decision to the Wisconsin Supreme Court, see Wis. Stat. sec. 809.62(1), but he did not do so. Instead, on January 15, 1997, Johnson filed his petition (for the third time) in the state trial court, which

denied it on the merits on January 23, 1997. On March 10, 1997, Johnson appealed the trial court's decision, and on May 5, 1998, the Court of Appeals affirmed. On June 12, 1998, Johnson filed a petition for review with the Wisconsin Supreme Court which was denied on July 24, 1998. Then, on February 19, 1999, Johnson filed the present habeas petition, which the district court denied, finding that it was barred by the one-year statute of limitations and that equitable tolling did not apply. The district court denied Johnson's request for a certificate of appealability, which he renewed in this court, and which we granted on January 22, 2001.

II.  Analysis

A.  Statute of Limitations

   The district court denied Johnson's petition, finding that it was barred by the one-year statute of limitations period applicable to a state prisoner seeking habeas corpus relief under 28 U.S.C. sec. 2254. See 28 U.S.C. sec. 2244(d). This one-year period commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. sec. 2244(d)(1)(A). Thus, Johnson's state court conviction became final on February 21, 1995 (the date the Wisconsin Supreme Court denied direct review of his conviction). Where, as here, the petitioner's state court conviction became final prior to the statute's effective date, April 23, 1996, the one-year period begins on April 24, 1996. See Fernandez v. Sternes, 227 F.3d 977, 978 (7th Cir. 2000). Johnson did not file the present habeas petition until February 19, 1999, nearly three years after the one-year period began to run.

   At first glance it appears that Johnson's claim is time-barred. But, under Section 2244(d)(2), the "time which a properly filed application for state post-conviction review or other collateral review . . . is pending" is excluded from the limitation period. A state post-conviction petition is "pending" between the date of one appellate court's decision and the petitioner's filing of a further appeal, thereby tolling the period of limitation.

See Fernandez, 227 F.3d at 980 ("time following an appellate court's decision, and preceding a timely application for discretionary review [is] excluded from the calculation under sec. 2244(d)(2)."). Thus, all of the time between January 15, 1997, when Johnson filed his (third) petition, and July 24, 1998, when theWisconsin Supreme Court denied his request for review, is excludable.

However, on appeal, Johnson argues that all of the time to seek appellate review within the state system, even where he never filed for such review, should be excluded from the countable year. There are two crucial time periods at issue. First, Johnson seeks to exclude the 90-day period in which he could have appealed from the trial court's July 2, 1996 decision, although he did not do so, instead letting 107 days elapse until he re-filed his petition in the Court of Appeals. Second, Johnson seeks to exclude the 30 days he had to appeal from the November 29, 1996 Court of Appeals decision, even though he did not do so and instead let 47 days elapse until he re-filed his petition in the trial court./2 In support of his position, Johnson points to several other circuits which have held that a collateral post-conviction action is "pending" in state court for the period during which further review could have been sought, even where such review is not actually sought./3

This court has yet to consider this precise issue. We have observed, however, that "it is sensible to say that a petition continues to be 'pending' during the period between one court's decision and a timely request for further review by a higher court (provided that such a request is filed)." Fernandez, 227 F.3d at 980. In Fernandez, we reserved the question "whether time provided for filing a petition or appeal to a higher court is treated as time during which an application is pending, if the time expires without a filing." Id. However, in Gutierrez v. Schomig, 233 F.3d 490, 492 (7th Cir. 2000), we held that the one-year limitations period for filing a federal habeas petition was not tolled during time in which petitioner could have filed a petition for certiorari review of denial of state post-conviction relief in the United States Supreme Court. Surprisingly, the government did not try to persuade us to extend our

holding in Gutierrez to the present facts. Even more surprising is the fact that the government confessed error in its response brief, stating that Johnson's habeas petition was timely filed, and requesting remand to address his ineffective assistance of counsel arguments. At oral argument, the government oscillated in its position, initially repeating its statement that the petition was timely filed, and then agreeing that it might not be timely filed.

Regardless of which position the government chooses to advocate, we will make an independent judicial assessment of whether the district court correctly dismissed Johnson's petition based on the statute of limitations. See Sibron v. New York, 392 U.S. 40, 58 (1968) ("[c]onfessions of error are, of course, entitled to and given great weight, but they do not 'relieve this Court of the performance of the judicial function.'") (quoting Young v. United States, 315 U.S. 257, 258 (1942)). We need not decide today whether to extend Gutierrez because we conclude that Johnson's first twopetitions were not "properly filed" as required under Section 2244(d)(2).

Under Section 2244(d)(2), we only exclude the "time which a properly filed application for state post-conviction review or other collateral review . . . is pending." An application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Applicable laws and rules include "the court and office in which it must be lodged . . . ." Id. See also Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2001) (quoting same). We determine whether a petition is "properly filed" by looking at how the state courts treated it. See Freeman v. Page, 208 F.3d 572, 576 (7th Cir. 2000). If a state court accepts and entertains the petition on its merits, it has been "properly filed," but if the state court rejects it as procedurally irregular, it has not been "properly filed." Id.; Fernandez, 227 F.3d at 978.

Here, the Wisconsin state courts concluded that Johnson had not lodged his first two petitions in the appropriate place, and accordingly dismissed them on

that procedural ground./4 Thus, under Wisconsin state law, Johnson's first two state post-conviction petitions were not "properly filed," and the clock continued to run until his third petition was properly filed. Cf. Owens v. Boyd, 235 F.3d 356, 357 (7th Cir. 2001) (where state petition was untimely filed, sec. 2244(d)(2) does not exclude time it was pending).

Johnson responds by arguing that since he was allowed to re-file his first two petitions, and the court eventually reached the merits, we should not consider them improperly filed, and should toll all of the intervening time. Under this rationale, a petitioner could file a petition years after the limitations period expired, so long as the state court eventually entertained it on its merits. This would allow a petitioner to successfully circumvent the statute of limitations period. We have previously declined to adopt this position and will not do so now. See Fernandez, 227 F.3d at 980 (such an "implausible understanding of sec. 2244(d)(2) would sap the federal statute of limitations of much of its effect."). Accordingly, since Johnson's first two petitions were not "properly filed" under Wisconsin law, his petition in federal court, filed 111 days after the statute of limitations period expired, was untimely.

B.  Equitable Tolling

Johnson also claims that the limitations period should be equitably tolled. Section 2244(d) itself is a kind of tolling rule, see Owens, 235 F.3d at 360, although we also noted in Owens that equitable tolling "may be available when some impediment of a variety not covered in sec. 2244(d)(1) prevents the filing of a federal collateral attack." Id. However, this court has never conclusively determined whether, or to what extent, the one-year deadline in sec. 2244(d)(1) is actually subject to the doctrine of equitable tolling. See Taliani v. Chrans, 189 F.3d 597, 597 (7th Cir. 1999). We need not resolve this issue today because we conclude equitable tolling would not be appropriate based on the facts of this case.

Equitable tolling "excuses a timely

filing when the plaintiff could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." Taliani, 189 F.3d at 597. Johnson argues that he was unfairly prejudiced when the state court directed him first to file in the state appellate court, which then directed him back to the state trial court. First, if we treated his second petition as if it had been properly filed (because Johnson filed it in the appellate court at the direction of the trial court), we could equitably toll the period subsequent to that filing. However, this argument ignores that, under then-current Wisconsin law, Johnson still improperly filed his first petition in the state trial court, in contravention of Knight. In any case, even if we were to toll the entire period from the time Johnson filed his second petition until the Wisconsin Supreme denied review, he would still have filed his federal habeas petition 21 days too late. Alternatively, we could treat Johnson as if he had properly filed his first petition, and the trial court improperly re-directed him to the appellate court, which correctly sent back to trial court pursuant to Rothering. It is only if we treat the first petition as if it were "properly filed" and equitably toll all of the subsequent time that Johnson's federal petition would be timely. However, we decline to do so.

Even if both trial court and the Court of Appeals incorrectly dismissed Johnson's first two petitions, an argument we have noted Johnson did not make, or if the confusion between the two courts caused Johnson undue delay, we emphasize two particular facts that persuade us equitable tolling is not appropriate in this case. First, Johnson waited 107 days after the first decision, and 47 days after the second decision, to re-file essentially the same petition (which was only about two pages long). In short, he wasted 154 days through no fault of any court. Second, a majority of Johnson's excludable year, 210 days, elapsed between the time the Wisconsin Supreme Court denied review, on July 24, 1998, and the time he finally filed for habeas relief in federal court on February 19, 1999. The limitations period did not expire while he was going back

and forth between courts (in which case, we point out that he still could have filed a protective federal petition, see Pizzo v. Bekin Van Lines Co., 258 F.3d 629, 635 (7th Cir. 2001)). Rather, Johnson's entire year elapsed (364 days to be exact), as the district court noted in its unpublished order denying his habeas petition, "because substantial time elapsed when petitioner had no motions or cases pending before any court, and not because any court misled petitioner."

Johnson also argues that the time period should be equitably tolled because the delays were due to his incompetent attorney. Generally, a lawyer's mistake is not an extraordinary circumstance justifying the application of equitable tolling. See Taliani, 189 F.3d at 598. Johnson argues that his case is unique because he was incarcerated, and therefore was unable to demand better representation from his counsel. He argues that the circumstances of incarceration make it difficult for a prisoner-petitioner to ensure that petitions are filed on a timely basis. The prisoner is put in the position of either waiting for his attorney to file or else filing a protective petition on his own in the event that his attorney misses the deadline (as Johnson's counsel--a different lawyer from his counsel before this court--seemed to do with remarkable consistency). However, habeas relief, by definition, is almost always sought by an incarcerated petitioner, and we decline to find that this circumstance is so extraordinary as to warrant the application of this rarely-applied doctrine. Unfortunately, many clients, whether in prison or not, must vigilantly oversee the actions of their attorneys and, if necessary, take matters into their own hands.

III.  Conclusion

We conclude that Johnson's habeas corpus petition was barred by the one-year statute of limitations, and that equitable tolling does not apply to the circumstances of his case. Because his petition was untimely and equitable tolling is inapplicable, we need not reach whether Johnson received ineffective assistance of counsel. Accordingly, we affirm the judgment of

the district court.

FOOTNOTES

/1 Because the dates discussed here are significant in this court's determination on the limitations period and the equitable tolling issue, a chart showing a timeline of significant dates is attached as an appendix.

/2 There is also the question of whether this entire period should be tolled (the 90 days he had to appeal plus the additional 17 days it took him to re-file his petition (for a total of 107 days) and the 30 days he had to appeal plus the additional 17 days it took him to re-file his petition (for a total of 47 days)) or whether just the time periods during which Johnson could have appealed should be tolled (the 90 days and the 30 days). If we were to exclude only the time in which he could have appealed (but did not), Johnson would still have 57 days left in his excludable year and the additional 34 days would not make a difference. In any case, given our holding, we need not reach this issue.

/3 See, e.g., Bennett v. Artuz, 199 F.3d 116, 119-20 (2d Cir. 1999) (stating in dicta that a "state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable"), aff'd on other grounds, 531 U.S. 4 (2000); Swartz v. Meyers, 204 F.3d 417, 420-24 (3d Cir. 2000) (holding that, because a judgment is not final until the time for seeking review expires, the word "pending" includes that time period, whether or not such review is sought) (collecting cases); Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999) (holding that "under sec. 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled" from the limitations period); Williams v. Cain, 217 F.3d 303, 309-10 (5th Cir. 2000) (following Swartz); Mills v. Norris, 187 F.3d 881, 884 (8th Cir. 1999) (holding that state post-conviction motion was "pending" until expiration of ninety-day period appellant had to file a transcript to perfect state-court appeal); Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000) ("regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law.").

/4 We note that Johnson does not argue that either the state trial court or the state Court of

Appeals incorrectly dismissed his claim. In fact, he specifically acknowledges that "in each instance, the court which ordered him to take his claim elsewhere acted properly and within the law." Appellant's Reply Brief at p. 2.

Appendix

EVANS, Circuit Judge, dissenting. I respectfully dissent. This case, as far as filing papers in the right state court at the right time is concerned, was gummed up from the get-go. So although Judge Manion's majority opinion is quite persuasive, given the unique circumstances here I would accept Wisconsin's confession of error, or find equitable tolling on our own, and give Johnson a chance to air his ineffective assistance of counsel claim on its merits in the district court.