In the

# United States Court of Appeals

## For the Seventh Circuit

No. 02-1804

PAUL MODROWSKI,

*Petitioner-Appellant*,

*v.*

STEPHEN D. MOTE,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 C 4183—**Blanche M. Manning**, *Judge.*

ARGUED JANUARY 29, 2003—DECIDED MARCH 10, 2003

Before COFFEY, EASTERBROOK, and KANNE, *Circuit Judges.*

KANNE, *Circuit Judge.* Paul Modrowski, an Illinois prisoner serving a life sentence for murder, hired an attorney to file a petition under 28 U.S.C. § 2254 on his behalf, but the attorney filed the petition one day late. The attorney claimed that a series of physical and mental ailments prevented him from working on the petition and filing it on time. The district court rejected counsel's equitable tolling argument and dismissed the untimely petition. On appeal Modrowski argues that the filing deadline for § 2254 petitions can be equitably tolled for an attorney's incapacity. We affirm the dismissal of Modrowski's § 2254 petition as untimely because an attorney's failure to act as a result

of incapacity is analogous to an attorney's failure to act as a result of negligence, for which we do not permit equitable tolling.

Modrowski exhausted his state court remedies on May 31, 2000.[1] Therefore, his § 2254 petition was due on May 31, 2001. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). The district court received Modrowski's petition one day late on June 1. The petition was unsigned, missing the filing fee and exhibits, and had blank paragraphs where many of Modrowski's constitutional claims should have been. Modrowski's attorney amended the petition on July 5, 2001, but the district court dismissed the petition as untimely, concluding that it lacked discretion to equitably toll the filing deadline for attorney negligence.

Modrowski, through new counsel, filed a timely Fed. R. Civ. P. 59 motion, arguing that his original attorney's personal and psychological difficulties prevented that attorney from filing the petition on time and justified equitable tolling. In an affidavit attached to the motion, original counsel alleged that depression, physical illnesses, the death of his father, and the disintegration of his law practice impeded his work in the year leading up to the petition's due date and prevented him from bringing the petition to the courthouse on time.

For purposes of its decision, the district court assumed that Modrowski had exercised reasonable diligence in attempting to have his petition filed on time and that his attorney had been mentally incapacitated, but denied the

---

[1] Modrowski's conviction became final on direct review on October 6, 1998, when the Illinois Supreme Court denied leave to appeal. Modrowski filed his post-conviction action on May 29, 1998, before his conviction became final. Therefore, the statute of limitations was tolled under § 2244(d)(2) until May 31, 2000, when the Illinois Supreme Court again denied leave to appeal.

motion, likening attorney incapacity to attorney negligence. Modrowski timely appealed, and the district court granted a certificate of appealability on the equitable tolling question and on all but one of Modrowski's substantive claims.

The Rule 59 motion brings the underlying dismissal of Modrowski's petition before us on appeal, *see Kunik v. Racine Cy., Wis.*, 106 F.3d 168, 173 (7th Cir. 1997), and we review the dismissal *de novo*, *Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002). The central issue is whether the filing deadline for § 2254 petitions, 28 U.S.C. § 2244(d)(1), can be equitably tolled on account of attorney incapacity.[2] The question is one of first impression in this circuit. As noted, the district court assumed, without deciding, that Modrowski's original counsel was actually incapacitated, and we will assume the same for purposes of this opinion.[3]

Equitable tolling excuses an untimely filing when "[e]xtraordinary circumstances far beyond the litigant's control . . . prevented timely filing." *Marcello*, 212 F.3d at 1010. We rarely deem equitable tolling appropriate—in fact, we have yet to identify a circumstance that justifies equitable tolling in the collateral relief context. *See, e.g.*, *Lloyd*, 296 F.3d at 633 (prisoner's lack of access to trial transcript does not warrant equitable tolling); *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001) (equitable tolling not justified

---

[2] Because we ultimately conclude that attorney incapacity is not an appropriate ground for equitable tolling, we once again reserve the question whether the filing deadline for § 2254 petitions is ever subject to equitable tolling. We have held that the limitation period for motions under § 2255 is subject to equitable tolling, *Marcello*, 212 F.3d at 1010, but we have never decided the question conclusively for § 2254 petitions, *see Lloyd v. VanNatta*, 296 F.3d 630, 633 (7th Cir. 2002).

[3] We note further, however, that evidence of Modrowski's original attorney's alleged incapacity is scant because the district court did not hold a evidentiary hearing on the matter.

by lack of response from attorney, language barrier, lack of legal knowledge, and transfer between prisons), *overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001); *Marcello*, 212 F.3d at 1010 (equitable tolling not warranted by unclear law and death of attorney's father); *see also Brooks v. Walls*, 279 F.3d 518, 525 (7th Cir. 2002) (noting that little room remains for tolling unless the petitioner falls within one of the statutorily provided circumstances for tolling in 28 U.S.C. § 2244(d)). *But cf. Johnson v. McCaughtry*, 265 F.3d 559, 567-68 (7th Cir. 2001) (Evans, J., dissenting) (equitable tolling justified by petition filed mistakenly in wrong forum by prisoner's attorney).

We have never considered whether attorney incapacity is grounds for equitable tolling. But we, and numerous other courts, have held that attorney negligence is *not* grounds for equitable tolling. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Ford v. Hubbard*, 305 F.3d 875, 890 (9th Cir. 2002); *Wilson*, 302 F.3d at 748; *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999). The rationale is that attorney negligence is not extraordinary and clients, even if incarcerated, must "vigilantly oversee," and ultimately bear responsibility for, their attorneys' actions or failures. *Johnson*, 265 F.3d at 566. An exception may exist for capital cases, *see, e.g., Fahy v. Horn*, 240 F.3d 239, 244-45 (3d Cir. 2001), but Modrowski was sentenced to life imprisonment.

Thus, the key inquiry is whether we should permit equitable tolling for attorney incapacity because it is sufficiently distinguishable from attorney negligence. Modrowski argues that attorney incapacity is distinguishable from negligence because there is no way for a client to anticipate or protect against an attorney's sudden onset of

illness, whereas a client can check the attorney's references and disciplinary records for signs of negligence. Modrowski also takes issue with the principle that the prisoner is ultimately responsible for timely filing his petition and argues that it is inefficient to require a prisoner to prepare and file a duplicative petition just in case his attorney does not file on time. The state responds that indeed prisoners are responsible for getting their petitions filed on time and that, in this sense, attorney incapacity and negligence are no different—although prisoners cannot control either shortcoming, neither situation actually *prevents* prisoners from filing on time and it is still their responsibility to do so.

We conclude that attorney incapacity is equivalent to attorney negligence for equitable tolling purposes. We will not revisit our long-standing determination that petitioners bear ultimate responsibility for their filings, even if that means preparing duplicative petitions: petitioners, "whether in prison or not, must vigilantly oversee the actions of their attorneys and, if necessary, take matters into their own hands." *Johnson*, 265 F.3d at 566. Furthermore, no principled distinction exists between incapacity and negligence for equitable tolling purposes. Even if a prisoner diligently checks an attorney's references and disciplinary records, he still cannot prevent the attorney from bungling his case. Nonetheless, we hold the prisoner responsible for his attorney's bungling. Likewise, a prisoner cannot prevent his attorney from becoming incapacitated, and there is no reason, however unfortunate the result, not to hold the prisoner responsible in this type of situation, as well.

Modrowski cites several cases from other circuits suggesting that filing deadlines can be equitably tolled for circumstances outside the bounds of ordinary attorney negligence. These cases, however, are unpersuasive because none hold that attorney incapacity alone is grounds for equitable tolling in the collateral relief context. Furthermore, we have

rejected the reasoning behind several of the cases. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (§ 2255 case), and *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 241 (3d Cir. 1999) (employment discrimination case), hold that an attorney's affirmative misrepresentations to a client can be grounds for equitable tolling because such wilful behavior "goes beyond garden variety neglect," 165 F.3d at 241. But we have held that attorney misconduct, whether labeled negligent, grossly negligent, or willful, is attributable to the client. *See United States v. 7108 W. Grand Ave.*, 15 F.3d 632, 634 (7th Cir. 1994). *Doherty v. Teamsters Pension Trust Fund*, 16 F.3d 1386, 1394 (3d Cir. 1994) (pension arbitration case), holds that a filing deadline could be equitably tolled where the attorney filed in the wrong forum due to his judgment being impaired by illness. But *Johnson* intimates that filing in the wrong forum does not justify equitable tolling. 265 F.3d at 565. *Cantrell v. Knoxville Cmty. Dev. Corp.*, 60 F.3d 1177, 1179-80 (6th Cir. 1995) (employment discrimination case), is most helpful to Modrowski because it holds that an attorney's mental incapacity might be an appropriate basis for equitable tolling and remands the case for an evidentiary hearing on whether the attorney was incapacitated at the relevant time. But even if *Cantrell*'s holding can be extended to the collateral relief arena, we decline to follow the Sixth Circuit's lead because *Cantrell* provides no principled distinction between attorney incapacity and negligence for equitable tolling purposes.

As a final cautionary note, we mention that Modrowski also waived the substantive claims in his § 2254 petition because he did not brief them on appeal. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002) (appellant waived his constitutional claims by omitting them from his brief, thereby forfeiting any claim to collateral relief). Instead, Modrowski briefed only the procedural question of equitable tolling. Had Modrowski persuaded us on the

procedural issue, we still would have affirmed the district court's dismissal because before remanding a case based on a procedural error, we must decide whether the petitioner has a decent chance of success on his constitutional claims. This we cannot do without some argument on those claims. *See Beyer v. Litscher*, 306 F.3d 504, 507 (7th Cir. 2002).

AFFIRMED.

A true Copy:

      Teste:

 

 

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*