Juan Cardell BLACKMON–EL,
Petitioner–Appellant,

v.

Cecil DAVIS, Respondent–Appellee.

No. 02–3147.

United States Court of Appeals,
Seventh Circuit.

Submitted June 18, 2003.*

Decided June 19, 2003.

Before CUDAHY, POSNER, and RIPPLE, Circuit Judges.

ORDER

A Conduct Adjustment Board (CAB) at the Indiana State Prison found inmate Juan Cardell Blackmon–El guilty of being a habitual conduct rule violator and sanctioned him with the loss of earned-credit time and a demotion in credit-earning class. Blackmon–El exhausted his administrative remedies and then sought relief under 28 U.S.C. § 2254. The district court denied his petition, and we affirm.

Under the Indiana Department of Corrections' Adult Disciplinary Procedures, an inmate may be charged as a habitual conduct rule violator if during a six-month period he was found guilty of committing four unrelated class A, B, or C rule violations. A CAB had found Blackmon–El guilty on May 11, May 17, and again on May 30, 2001, of having been in an unau-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

thorized area, and on October 30, 2001, of having transferred property without authorization, all of which are class C violations. He pursued administrative appeals from three of the convictions, but one appeal was untimely and the other two were ultimately unsuccessful. Subsequently a screening officer filed a conduct report charging Blackmon–El with being a habitual conduct rule violator. Blackmon–El pleaded not guilty and requested a lay advocate but no witnesses. On November 14, 2001, the CAB found Blackmon–El guilty and sanctioned him with the loss of 180 days of earned-credit time and a demotion from credit class II to III. On appeal both the conviction and the sanctions were affirmed.

Blackmon–El claims in his § 2254 petition that he was deprived of his earned-credit time without due process because the habitual charge was not supported by adequate evidence. The district court dismissed Blackmon–El's petition, concluding that he was not entitled to relief because the prison officials had supported the charge with a conduct report listing the four predicate offenses and so had provided adequate process. Our review of that decision is *de novo. See Modrowski v. Mote,* 322 F.3d 965, 967 (7th Cir.2003).

Indiana prisoners have a protected liberty interest in earned good-time credits and so cannot be deprived of them without due process. *See Piggie v. McBride,* 277 F.3d 922, 924 (7th Cir.2002) (per curiam). Due process entitles a prisoner to basic protections, including written notice of the charges against him at least 24 hours in advance, the opportunity to present a defense to an impartial decisionmaker, and a written explanation of the factfinder's decision containing the evidence relied upon and the basis for the decision. *See Wolff v. McDonnell,* 418 U.S. 539, 563–71, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Fur-

thermore, due process requires that a CAB's finding of guilt must be supported by "some evidence in the record." *Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *see Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir.2000).

Blackmon–El argues only that his habitual conviction does not comport with due process because it is not supported by adequate evidence. He asserts that the CAB relied on "ambiguous documents" when it convicted him of two of the four predicate offenses. A CAB's decision meets the "some evidence" standard as long as there is some factual basis for the decision. *See McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir.1999). At the disciplinary hearing the CAB relied only on the screening officer's report listing the four prior convictions.

Blackmon–El contends, though, that two of the prior convictions were "bogus." We have not had occasion to decide whether in the context of reviewing a conviction as a habitual conduct rule violator courts can consider arguments about the validity of the underlying violations. The issue is of particular concern where, as here, the underlying convictions were otherwise unreviewable in federal court because they did not result in a punishment affecting the fact or duration of the petitioner's custody. *See Montgomery v. Anderson,* 262 F.3d 641, 643 (7th Cir.2001) (noting that § 2254 only permits prisoner to challenge fact or duration of state custody). Those convictions became reviewable here–if indeed they did–only because they formed the basis of Indiana's decision to revoke Blackmon–El's good-time credits through the habitual violator charge.

■ But we need not decide whether the district court should have reviewed those convictions before rejecting Blackmon–El's petition, because it is clear that

they were obtained in compliance with the requirements of due process and that his conviction as a habitual conduct rule violator can be upheld. Blackmon–El does not dispute that the underlying charges were handled in the ordinary course and that accordingly he received written notice of the charges at least 24 hours in advance, an opportunity to call witnesses and present evidence, and a written explanation of the decision as required by *Wolff.* 418 U.S. at 563–566, 94 S.Ct. 2963. The documents Blackmon–El attached to his petition confirm this. Blackmon–El's only contention is that his right to due process was violated because there was not "some evidence" to support the charges as required by *Hill.* 472 U.S. at 445, 105 S.Ct. 2768. As to both disputed convictions, Blackmon–El asserts that the only evidence against him was the charging officer's conduct report. But that argument necessarily fails because a conduct report constitutes "some evidence" sufficient to justify a disciplinary conviction. *See McPherson,* 188 F.3d at 786.

◼ Moreover, we note that because Blackmon–El's administrative appeal of one of the two challenged convictions was untimely, he did not exhaust his administrative remedies and so could not now bring a habeas corpus challenge to that conviction. *See Moffat v. Broyles,* 288 F.3d 978, 981–82 (7th Cir.2002) (noting that exhaustion of state remedies is a necessary predicate to review under § 2254). And as to the charge he did exhaust–the May 11 conviction for being in an unauthorized area–Blackmon–El specifically argues that the conduct report is not enough evidence because the guard who authored the report inexplicably retracted her statement months later prior to the disciplinary hearing. The CAB considered the retraction but decided instead to credit the guard's initial conduct report, a conclusion it was entitled to reach. *See Mendiola v. Schomig,* 224 F.3d 589, 593 (7th Cir.2000) (noting that "[d]isbelief of recantations is sensible"). Thus the CAB's reliance on the original conduct report was justified, and "some evidence" supported the disciplinary board's decision.

Accordingly, even if we are free to evaluate whether the offenses underlying Blackmon–El's conviction as a habitual conduct rule violator met the standards of due process, we would conclude that they did.

AFFIRMED.