**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 24, 2007
Decided March 20, 2007

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-2259

| | |
|---|---|
| CURTIS JOHNSON,<br>    *Petitioner-Appellant,*<br><br>    *v.*<br><br>NEDRA CHANDLER,<br>    *Respondent-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 98 C 3432<br><br>William J. Hibbler,<br>*Judge.* |

**O R D E R**

Illinois inmate Curtis Johnson filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court denied his petition, ruling that Mr. Johnson had not established ineffective assistance of counsel. Because Mr. Johnson's § 2254 petition was filed more than one year after the Illinois Appellate Court issued its decision, we affirm.

In 1984, Mr. Johnson was arrested for murdering one person and robbing three others in a garage. At his trial, two of the robbery victims identified Mr. Johnson as the offender. A detective who conducted the investigation testified that the two victims identified Mr. Johnson from a photo array and a police lineup. A

third robbery victim, Danny Turner, was not called to testify at the trial, but the detective testified that Turner was unable to identify Mr. Johnson in a lineup and that the police were not able to find Turner to show him a photo array. The jury found Mr. Johnson guilty, and he was sentenced to 60 years' imprisonment.

Mr. Johnson's conviction and sentence were affirmed after a remand from his direct appeal, and he then filed a postconviction petition in state court in which he argued that counsel was ineffective for failing to interview Turner or to call him as a witness at trial. Mr. Johnson submitted affidavits from Turner and his trial counsel, both of which supported his positions. The Illinois Appellate Court ruled that Mr. Johnson's claim was barred by res judicata because he raised it on direct appeal and that the affidavits did not warrant a new trial under Illinois law because they would not have changed the result.

At the time, Illinois Supreme Court Rule 315(b) required that Mr. Johnson file an affidavit of intent to appeal to the state supreme court within 21 days after the court of appeals issued its judgment. Mr. Johnson, however, did not file his petition for 52 days, and the court denied the late petition without further comment. Mr. Johnson did not seek certiorari in the United States Supreme Court.

Nearly a year after the Illinois Supreme Court denied Mr. Johnson's request for leave to appeal, he filed a § 2254 petition, claiming, among other things, that trial counsel was ineffective for failing to interview Turner. The state moved to dismiss the petition as untimely because Mr. Johnson had filed his § 2254 petition more than one year (412 days) after the Illinois Appellate Court's judgment became final. The district court denied the motion, however, ruling that the one-year statute of limitations was tolled under 28 U.S.C. § 2244(d)(2) for the 52 days before he filed his petition for leave to appeal his postconviction petition to the Illinois Supreme Court and for the 90 days when Mr. Johnson could have petitioned (but did not) for certiorari of the state court's decision. By excluding these two periods, the district court concluded that Mr. Johnson's filing was "well within the limitations period." Appellee's App. at SA60.

The district court denied most of Mr. Johnson's claims on the merits, but held an evidentiary hearing on his claim that trial counsel was ineffective for failing to interview Turner. After the hearing, the district court denied Mr. Johnson's petition, reasoning that counsel's performance was not deficient under *Strickland v. Washington*, 466 U.S. 668 (1984). The court explained that, although counsel could not recall the case and gave no explanation for not calling Turner to testify, "it is reasonable to assume that whatever efforts he made were unsuccessful based upon Turner's decision not to participate in this trial." Appellant's App. at A46. The court also ruled that Mr. Johnson was not prejudiced by Turner's failure to testify because two other eyewitnesses had identified Mr. Johnson as the shooter, and

Turner's "nebulous account" would not have resulted in a different outcome at trial. The court granted a certificate of appealability, however, on the issue of whether counsel was ineffective.

On appeal, Mr. Johnson reasserts his argument that counsel was ineffective for failing to call Turner to testify as an eyewitness. He argues that counsel acted unreasonably by not even interviewing Turner. He believes that Turner's testimony would have increased his chance for acquittal because it would have cast doubt on the state's case. The state responds that the district court properly applied *Strickland*, but renews its threshold argument that the § 2254 petition was untimely and that the district court erred by tolling the statute of limitations during two critical periods.

A prisoner must file a federal collateral attack on a state criminal judgment within one year of when the state court judgment became final. 28 U.S.C. § 2244(d)(1)(A). But this one-year limitation excludes any "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2); *Brooks v. Walls*, 279 F.3d 518, 520-21 (7th Cir. 2002). A collateral attack filed in state court is not "properly filed" if it is untimely under state law, unless the state court decides not to enforce its timeliness rules. *Brooks*, 279 F.3d at 521.

Mr. Johnson was convicted before § 2244(d) of the Antiterrorism and Effective Death Penalty Act (AEDPA) was passed, so this court treats April 24, 1996, as the beginning of his year to seek federal collateral review. *Fernandez v. Sternes*, 227 F.3d 977, 978 (7th Cir. 2000). When AEDPA was enacted, Mr. Johnson's appeal of his state collateral attack was pending in the court of appeals, which affirmed on January 3, 1997, the trial court's decision. Mr. Johnson filed on February 24, 1997, a petition for leave to appeal to the state supreme court, which was denied on June 4, 1997. Mr. Johnson did not file his § 2254 petition until June 3, 1998.

The state is correct--and Mr. Johnson does not contest--that the one-year limitations period should not have been tolled by the 52 days between the Illinois Appellate Court's affirmance of the denial of his postconviction petition and Mr. Johnson's filing of his petition to the Illinois Supreme Court. The only period that can be excluded from the year under § 2244(d)(2) is the period that the petition is "pending" under § 2244(d)(2), beginning from the time the prisoner asks the state court to excuse his default to the time the court issues its decision on the merits. *Fernandez*, 227 F.3d at 979-80. Mr. Johnson did not file his petition with the Illinois Supreme Court until more than a month after the 21-day deadline under Illinois Supreme Court Rule 315(b) had passed, so it was not "pending" before the court until he filed the late petition.

Mr. Johnson also concedes that the state is correct that the district court improperly excluded the 90 days during which he could have filed for a petition for certiorari. The one-year limitations period set forth in § 2244(d) "is not tolled during the time a state post-conviction petitioner could have filed, but did not file, a petition for certiorari review in the United States Supreme Court." *Gutierrez v. Schomig*, 233 F.3d 490, 490-91 (7th Cir. 2000); *see also Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007) (ruling that § 2244(d) limitations period is not tolled while petition for certiorari is pending with the Supreme Court of the United States). Mr. Johnson therefore delayed 416 days before filing his § 2254 petition: 52 days between the Illinois Appellate Court's judgment and his filing of his petition for leave to appeal to the Illinois Supreme Court, plus 364 days between the denial of his petition for leave and the filing of his § 2254 petition.

Mr. Johnson does not dispute that his § 2254 petition is untimely, but instead argues, for the first time on appeal, that the limitations period should be equitably tolled due to "the complex nature of the tolling provisions under the AEDPA combined with the fact that Appellant filed his initial petition pro se." Appellant's Reply at 2. When a district court dismisses a petition filed under § 2254, we generally review the court's conclusions of law de novo and findings of fact for clear error. *Eckstein v. Kingston*, 460 F.3d 844, 848 (7th Cir. 2006); *Bartlett v. Battaglia*, 453 F.3d 796, 799 (7th Cir. 2006); *see also Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003) (applying de novo review to issue of equitable tolling for § 2254 petition). But the circuits are divided on the proper standard of review when a district court denies equitable tolling for a § 2254 petition, with some applying an abuse of discretion standard, others applying de novo review, and still others applying a combination. *See Brinson v. Vaughn*, 398 F.3d 225, 231 (3d Cir. 2005) (noting standards of review applied by different circuits); *Neverson v. Farquharson*, 366 F.3d 32, 42 n.1 (1st Cir. 2004) (same); *Rouse v. Lee*, 339 F.3d 238, 247-48 (4th Cir. 2003) (collecting cases).

We do not need to address this division among the circuits here, however, because Mr. Johnson failed to raise the issue of equitable tolling to the district court. The state argues that the issue is therefore forfeited. If the issue were forfeited we would review only for plain error. *United States v. Haddad*, 462 F.3d 783, 793 (7th Cir. 2006). But the situation here is unusual because, although Mr. Johnson did not raise the issue in the district court, the court could never have decided whether the limitations period should be tolled anyway because the court erroneously believed Mr. Johnson's petition was timely; therefore there could be no district court decision on equitable tolling for us to review. Hence, Mr. Johnson is arguing in favor of the district court's decision that his petition was timely, and a party may defend a judgment on any issue consistent with the record that is not waived. *Luna v. United States*, 454 F.3d 631, 635 (7th Cir. 2006); *Wildey v. Springs*, 47 F.3d 1475, 1480 n.8 (7th Cir. 1995). Mr. Johnson has never explicitly waived his

right to assert that the tolling period should be equitably tolled, so we must determine whether Mr. Johnson's argument for equitable tolling is supported by the record.

AEDPA provided in 28 U.S.C. § 2244(d)(1) specific statutory tolling rules for § 2254 petitions, *see Williams v. Sims*, 390 F.3d 958, 963-64 (7th Cir. 2004), but did not provide similar provisions for federal prisoners filing motions under § 2255. *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004). We have held that, because motions by federal prisoners filed under 28 U.S.C. § 2255 do not have statutory tolling, the common law doctrine of equitable tolling may apply when "extraordinary circumstances far beyond the litigant's control . . . prevented timely filing." *Poe v. United States*, 468 F.3d 473, 477 (7th Cir. 2006) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). But we have yet to identify a factual circumstance so extraordinary that it warrants equitable tolling, so we have reserved ruling on whether the statutory tolling provisions for § 2254 petitions indicated a congressional intent to replace the common law doctrine of equitable tolling. *See Williams*, 390 F.3d at 963-64; *Modrowski v. Mote*, 322 F.3d 965, 967 n.12 (7th Cir. 2003) (reserving the issue).

Nonetheless, we have noted several circumstances that do not justify equitable tolling. In *Modrowski*, we listed specific circumstances. *See Modrowksi*, 322 F.3d at 967 (holding that attorney incapacity does not warrant equitable tolling); *see also Lloyd v. VanNatta*, 296 F.3d 630, 633 (7th Cir. 2002) (ruling that lack of access to trial transcripts does not warrant tolling); *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001) (holding that an attorney's nonresponsiveness, prisoner's ignorance of the law and prison transfer do not warrant equitable tolling); *Marcello*, 212 F.3d at 1010 (ruling that tolling was not justified by opaque law and death of attorney's father); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) (holding that attorney's negligence does not warrant tolling). Recently we have also held that actual innocence is not a freestanding exception to the time limits in § 2244(d), *Araujo v. Chandler*, 435 F.3d 678, 681 (7th Cir. 2005), nor should the limitations period be tolled when a corrections officer fails to deliver the prisoner's mail, *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004). Other circuits have also identified circumstances that are not so extraordinary as to justify equitable tolling. *See, e.g., Rouse v. Lee*, 339 F.3d 238, 248-50 (4th Cir. 2003) (ruling that time limits should not be tolled based on prisoner's medical condition or attorney's mistake of law); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (finding that prisoner's inability to understand English does not warrant tolling if the limitation did not prevent access to courts); *Flanders v. Graves*, 299 F.3d 974 (8th Cir. 2002) (stating that actual innocence is relevant when deciding whether to toll the limitations period, but must be accompanied by evidence of prisoner's due diligence); *Jones v. Morton*, 195 F.3d 153, 160 (3d Cir. 1999) (ruling that prisoner's

misunderstanding of AEDPA's exhaustion requirement does not excuse failure to comply with limitations requirement).

Several circuits have held, however, that common law equitable tolling may apply to the statutory limitations period for petitions filed under § 2254. *See, e.g., Satterfield v. Johnson,* 434 F.3d 185, 195 (3d Cir. 2006); *Neverson v. Farquharson*, 366 F.3d 32, 39-41 (1st Cir. 2004); *but cf. Solomon v. United States*, 467 F.3d 928, 941 (6th Cir. 2006) (applying a "unique" five-factor test to determine the timeliness of collateral attacks). These circuits have identified specific extraordinary circumstances when the limitations period should be tolled, most often when the state or district court misled the prisoner or failed to notify the prisoner of their decisions. *See, e.g., Brinson v. Vaughn*, 398 F.3d 225, 231 (3d Cir. 2005) (tolling limitations period when district court mistakenly dismissed prisoner's first petition); *see also Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002) (tolling limitations period when state court failed to notify prisoner that it had issued a decision on his postconviction petition); *Woodward v. Williams*, 263 F.3d 1135, 1143 (10th Cir. 2001) (same); *Phillips v. Donnelly*, 516 F.3d 508, 511 (5th Cir. 2000) (same). Some circuits have found other extraordinary circumstances as well. *See, e.g., Mendoza v. Carey*, 449 F.3d 1065, 1071 (9th Cir. 2006) (tolling limitations period when prisoner spoke only Spanish, but was denied Spanish legal materials or access to interpreter); *Roy v. Lampert*, 465 F.3d 964 (9th Cir. 2006) (ruling that prison library's failure to stock legal materials containing § 2244(d) provides grounds for equitable tolling); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (same).

We do not need to reach the issue of whether petitions filed under § 2254 can ever be equitably tolled because Mr. Johnson's circumstances are not sufficiently extraordinary as to justify tolling in this case. He first contends that the limitations period for his petition should be equitably tolled because he filed his initial petition without the assistance of counsel and he was confused by AEDPA's complicated limitations and procedural requirements. But we have repeatedly held that mistakes of law and ignorance of proper legal procedures are not sufficiently extraordinary to warrant tolling. *See, e.g., Arrietta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006); *Williams*, 390 F.3d at 963. Allowing tolling for every mistake would undermine the purpose of statutes of limitations for people being sued by those representing themselves. *Williams*, 960 F.3d at 963.

Mr. Johnson also argues that his incarceration made it difficult for him to file a timely petition. But, again, we have specifically held that a prisoner's incarceration is not an extraordinary circumstance that warrants application of this doctrine. *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001). Mr. Johnson has not argued that his circumstances are in any way extraordinary. Accordingly, we affirm the district court's dismissal of Mr. Johnson's petition.

AFFIRMED