**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 27, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

HARVEY D. BRADFORD,

      Petitioner-Appellant,

v.

DANNY HORTON, Warden,

      Respondent-Appellee.

No. 08-7111

(E.D. of Okla.)

(D.C. No. 6:07-CV-00416-RAW-KEW)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.[**]

---

      Harvey Dale Bradford, an Oklahoma state prisoner, appeals the dismissal of

his habeas petition. Federal law provides that state prisoners have one year from

the time their convictions become final to petition for a writ of habeas corpus.

*See* 28 U.S.C. § 2244(d)(1)(A). Bradford filed his petition after the statute of

limitations period expired, but he argued in district court that the limitations

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Federal Rule of Appellate
Procedure 32.1 and 10th Circuit Rule 32.1.

[**] Pursuant to Federal Rule of Appellate Procedure 34(a)(2) and 10th
Circuit Rule 34.1(G), this matter is submitted on the briefs per this court's Order,
dated September 15, 2009, granting Appellant's Motion to Submit on the Briefs.

period should toll because of his attorney's medical condition. The district court rejected Bradford's equitable tolling argument and dismissed his petition as time barred. We granted a certificate of appealability to review Bradford's claim.

Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we AFFIRM the district court's dismissal of Bradford's petition.

## I. Background

Bradford was convicted in 2005 in Oklahoma state court of child sexual abuse and child abuse/neglect. He received two consecutive life sentences. Bradford appealed his conviction in state court. The Oklahoma Court of Criminal Appeals affirmed, and on September 21, 2006, after Bradford failed to appeal to the United States Supreme Court, the conviction became final. Pursuant to 28 U.S.C. § 2244(d)(1)(A), Bradford had one year—until September 21, 2007—to file a habeas petition in federal court.

Bradford retained counsel in May 2007 for his federal habeas petition. On September 5, 2007—just sixteen days before the filing deadline—counsel was found unconscious in his home and was transported to a local hospital. Counsel was released from the hospital four days later, but he asserts that his recovery was slow. Although one physician who treated him believed that counsel was "unable to perform any gainful work between September 5th and October 10th[,] 2007," Aplt. Br. at 10, counsel acknowledges that he left his house to visit a physician in

the month after being hospitalized. *Id*. at 11. Counsel filed Bradford's petition on December 3, 2007.

Bradford's counsel urged the district court to toll the statute of limitations because of his medical condition. Bradford claimed he did not know about his counsel's condition and that he "had no reason to pursue other means to file the writ." Aplt. Br. at 13. The district court refused to toll the limitations period. "While sympathetic to counsel's serious illness," the district court noted that counsel "had four months to file a habeas petition after being retained in May 2007." App. 51. The court listed several other options available to counsel to comply with the deadline, including filing a "skeletal" petition or withdrawing representation so that Bradford could hire another attorney or represent himself. *Id*.

## II. Discussion

We review a district court's refusal to equitably toll the one-year statute of limitations applicable in habeas matters for an abuse of discretion. *See Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007). Our equitable tolling cases require a double showing. First, a prisoner must show "extraordinary circumstances beyond his control" prevented him from filing his petition on time, and, second, that he pursued his claims diligently. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citing, *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). Although dismissing a prisoner's first habeas petition is a "particularly

serious matter," we limit equitable tolling to "rare and exceptional circumstances." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (internal punctuation and citation omitted).

Applying these standards here, the district court did not abuse its discretion when it denied equitable tolling in Bradford's case. His counsel's medical condition was not an extraordinary circumstance, and Bradford did not diligently pursue his claims.

## A. *Extraordinary Circumstances*

While no bright-line test exists for what constitutes an "extraordinary circumstance," we consistently recognize that attorney negligence does not suffice since there is no right to counsel in post-conviction proceedings. *See, e.g.*, *Fleming*, 481 F.3d at 1255. "[C]lients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures." *Id.* at 1255–56 (internal citation omitted). Thus, we have held that "attorney error, miscalculation, inadequate research or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling," noting, for example, that mistakes by counsel in "interpreting a statute of limitations" do not provide a basis for "equity [to] step in." *Id.* at 1256.

But in rare cases "egregious attorney misconduct may constitute 'extraordinary circumstances' that justify equitable tolling." *Id.* In *Fleming*, for instance, counsel actively misled a prisoner to believe a habeas petition had been

-4-

prepared and would be filed. The record showed that the prisoner had numerous phone calls and in-person meetings with his lawyer confirming the status of his appeal. The prisoner went so far as to prepare his own petition, which he supplied to the lawyer for review and filing. On this record, we found grounds for an evidentiary hearing on the question of egregious attorney misconduct.

This case does not present the rare circumstances we required in *Fleming*. Bradford admits that he hired counsel in May 2007, which gave counsel approximately four months to prepare the habeas petition before he became ill. Aplt. Br. at 16. Even given counsel's lack of progress on the petition up to the time of his illness, he was released from the hospital more than two weeks before the filing deadline. The district court correctly noted that during those weeks Bradford's counsel easily could have filed a "skeletal" petition and supplemented it after he fully recovered. App. 51. Nor is there any evidence counsel affirmatively misled Bradford about the status of the case or otherwise impeded Bradford's ability to file a skeletal petition on his own or request for more time. In short, counsel's medical condition, while serious, presents no analytical difference from our cases examining the myriad instances of attorney negligence.

The Seventh Circuit's holding in *Modrowski v. Mote*, 322 F.3d 965 (7th Cir. 2003), is instructive. Modrowski— like Bradford, a state prisoner serving a life sentence—hired counsel to assist him in filing a federal habeas petition. *Id.* at 966. Modrowski filed the petition after the limitations period expired but

argued it should toll because of his attorney's serious physical and emotional problems that prevented a timely filing. Equating attorney incapacity with attorney negligence, the court concluded that physical incapacity is not an exceptional circumstance justifying tolling: "[N]o principled distinction exists between incapacity and negligence for equitable tolling purposes," and, therefore, prisoners bear ultimate responsibility for filing on time. *Id.* at 968. Here, Bradford has failed to demonstrate his counsel was so incapacitated that he could not have filed a petition or made other arrangements to meet the filing deadline. It may well be that in some cases an attorney's medical condition could provide a basis for a showing of extraordinary circumstances, but this case is not one of them.

In sum, Bradford has not shown an exceptional circumstance that entitles him to equitable tolling.

### B. Diligent Pursuit

Even if his attorney's illness could be considered an extraordinary circumstance, Bradford has not demonstrated that he "acted with reasonable diligence, and that the extraordinary circumstances caused his petition to be untimely." *Fleming*, 481 F.3d at 1257 (citing *Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003)). Bradford argues that simply by hiring counsel, he fulfilled his obligation to diligently pursue his claims. *See* Aplt. Br. at 16 ("Petitioner Bradford's family retained counsel in May 2007, to represent him to

file a habeas corpus petition in this Court.  Petitioner Bradford submits based on this fact, he was diligent in pursuing his claims.").

But merely hiring counsel without more is insufficient to establish diligence.  Our cases make it clear that even in counseled cases attorney negligence does not ipso facto establish diligence.  *Fleming*, 481 F.3d at 1257.  We took great pains in *Fleming* to emphasize the critical fact of "counsel's misrepresentation," then noting only the *possibility* of diligence.  In *Fleming*, petitioner's counsel had made repeated misrepresentations to the prisoner about the work he had done on the petition, and the prisoner had prepared his own pro se petition after raising these concerns and submitted it to counsel.  Even so, despite assurances to the contrary, counsel missed the filing deadline.

Bradford presents no evidence that he took any steps to pursue his claims beyond hiring counsel.  Bradford does not disclose what contacts—if any—he had with his lawyer in the four months between the hiring and the filing deadline.  Bradford attempts to turn this hole in the record from a liability to an asset, arguing that his ignorance makes equitable tolling appropriate because he "had no reason to pursue other means to file the writ." Aplt. Br. at 13.  As discussed above, however, this argument misreads our case law.  The onus is on the habeas

petitioner to supervise his lawyer and, if necessary, take the matter into his own hands by filing a petition himself.[1]

In sum, Bradford has not shown extraordinary circumstances or diligence required for equitable tolling.

### III.  Conclusion

For the foregoing reasons, we conclude that the district court did not abuse its discretion when it refused to equitably toll the statute of limitations and dismissed Bradford's habeas petition as time barred.  Accordingly, we AFFIRM.

Additionally, Bradford moved to strike two exhibits from Respondent's brief and sought sanctions.  We deny Bradford's motions to strike the exhibits and to impose sanctions.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge

---

[1]  Bradford cites to two out-of-circuit cases in the employment law context for support.  *Cantrell v. Knoxville Cmty. Dev. Corp.*, 60 F.3d 1177 (6th Cir. 1995), and *Doherty v. Teamsters Pension Trust Fund*, 16 F.3d 1386 (3d Cir. 1994).  Neither case provides much support since Bradford has not demonstrated he diligently monitored his proceedings.