**William O'DONNELL, Petitioner– Appellant,**

v.

**Cecil DAVIS, Respondent–Appellee.**

No. 03–3449.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 28, 2004.\*

Decided Sept. 30, 2004.

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is

William J. O'Donnell, Michigan City, IN, pro se.

Steve Carter, Indianapolis, IN, for Respondent–Appellee.

Before POSNER, ROVNER, and WILLIAMS, Circuit Judges.

submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

Indiana prisoner William O'Donnell filed a pro se petition under 28 U.S.C. § 2254 challenging his disciplinary conviction for possession of a dangerous or deadly weapon. O'Donnell alleged that prison officials denied him an impartial decision-maker and failed to create an adequate written record of the disciplinary proceeding. The district court dismissed the petition on the grounds that the claims were procedurally defaulted and that, irrespective of default, O'Donnell had failed to demonstrate a constitutional deprivation. O'Donnell appeals, contending only that the district court never addressed his argument that there was cause and prejudice to excuse his procedural default. We affirm.

O'Donnell was accused of possessing a butter knife that had been sharpened on the sides and tip into a dangerous weapon. The prison's Conduct Adjustment Board ("CAB") convicted him of possessing the weapon and ordered that he be placed in disciplinary segregation for one year, deprived of 365 days of earned time credit, and demoted one step in credit-earning class. O'Donnell appealed unsuccessfully to the facility head, raising the single claim that the evidence presented to the CAB was insufficient. He then sought leave to amend his appeal to include additional claims but was refused because the appeal had already been decided. It is unclear whether O'Donnell included these additional claims in his second-level appeal to the statewide Final Reviewing Authority, which denied the appeal in a cursory order, because the record does not contain a copy.

The state maintains that O'Donnell defaulted the two claims included in his § 2254 petition because he omitted both from his first-level administrative appeal. Indiana inmates, of course, must comply with the procedural requirements of the state administrative review process in order to preserve claims for later review in the federal courts. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir.2002); *Markham v. Clark*, 978 F.2d 993, 995 (7th Cir.1992). One of these procedural requirements prevents a prisoner from raising issues in the second level appeal not "submitted in the first level appeal." Indiana Dep't of Corr., Disciplinary Code for Adult Offenders VIII.D (2000). But, an inmate may establish cause and prejudice as a means of excusing procedural default, *Murray v. Carrier*, 477 U.S. 478, 489, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Moffat*, 288 F.3d at 982, and that is what O'Donnell sought to do in a "traverse" he filed after the state raised the question of default in its answer to his petition.

As O'Donnell observes, the district court never explicitly answered his contention that he had good reason for his procedural failing, but our own review convinces us that the explanation given by O'Donnell cannot be characterized as "cause." He generally asserts that a prison lock-down leading to limited or delayed access to the prison law library kept him from discovering the legal arguments that would have supported his appeal. But this cannot be so because O'Donnell was made aware of the rights to an impartial decision-maker and written record in the "Notice of Disciplinary Hearing" he received from prison officials prior to the CAB hearing. O'Donnell was not required to do more than alert the facility head to the nature of his disagreement with the disciplinary process to avoid default. *Moffat*, 288 F.3d at 982. For O'Donnell to have complied with that minimal obligation, the hearing notice supplied all the foundation he needed to assess whether there was reason to question the makeup of the CAB or the adequacy of its statement of reasoning for imposing discipline. In fact, the proposed amended

appeal containing the two defaulted claims, which he submitted after the lock-down ended, relies almost exclusively on the hearing notice and facts known to O'Donnell by the time his CAB hearing ended, with the exception of general citations to the Fifth and Fourteenth Amendments.

 Regardless, O'Donnell could not establish prejudice arising from the default because his underlying claims have no conceivable merit. The issues before the CAB were sufficiently straightforward to justify the minimal reasoning provided by the written decision. *Forbes v. Trigg,* 976 F.2d 308, 318–19 (7th Cir.1992) (surveying relevant cases). O'Donnell's second underlying claim of bias is also deficient. He alleges bias resulting from the statement of one CAB member, who allegedly replied, "What, you don't think [an] officer will lie," when O'Donnell requested to postpone his hearing because a former prison officer was not available to testify. This assertion of bias relies on the adverse outcome of the hearing to suggest that the CAB member's alleged statement must have signaled a predetermination of guilt. It is not, however, of the degree that could overcome the strong presumption of adjudicative fairness. *See Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir.2003). "Frustration," even when displayed during a hearing, is not inherently sufficient to prove bias. *Aetna Life Ins. Co. v. Lavoie,* 475 U.S. 813, 821, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986). A prisoner must concretely demonstrate bias, as in cases where a member of the CAB also helped investigate the charge. *See, e.g., Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir.2002). Finally, O'Donnell does not contest on appeal the district court's alternative conclusion that the claims argued in his § 2254 petition were without merit. That alone would be reason enough to affirm the judgment. *Landstrom v. Illinois Dep't of Children & Family Servs.,* 892 F.2d 670, 678 (7th Cir.1990) (finding that plaintiff's failure to challenge the district court's alternative holding "waived any claim of error" as to that holding).

AFFIRMED.