In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 07-1092

CARLOS K. WILLIAMS,

*Petitioner-Appellee,*

*v.*

EDWIN G. BUSS,

*Respondent-Appellant.*

———————

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 2:05cv0134 AS—**Allen Sharp**, *Judge.*

———————

ARGUED JANUARY 9, 2008—DECIDED AUGUST 14, 2008

———————


Before WOOD, SYKES, and TINDER, *Circuit Judges.*

WOOD, *Circuit Judge.* Carlos K. Williams was sentenced to 55 years in prison for the murder of Amondo Nelson. Williams filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, claiming that his trial counsel was ineffective, and the district court granted his petition. We find that the claim was procedurally defaulted, and no cause and prejudice has been shown to excuse the default; we therefore vacate the district court's judgment and remand for denial of the petition.

On May 5, 1999, a dispute between Amondo Nelson and Ramar Daniels—Williams's brother—escalated into a confrontation involving gunshots. Witnesses saw Williams and Daniels both shoot Nelson through the windows of a car in which Nelson was sitting.

On the first morning of his trial, Williams's lawyer was notified of a surprise witness: Norman Richardson, who had been standing behind the car when the confrontation took place. (Daniels was tried and convicted separately.) Counsel immediately realized that he had represented Richardson on a separate matter and was still owed fees from that representation. Counsel alerted the court to the potential conflict of interest, indicating that he felt there would be no problem, even with cross-examination. In turn, the court discussed the matter with Williams. Williams said that he understood what was going on, that he had "no problem," and that he wanted to go to trial on schedule. He was ultimately convicted and sentenced to 55 years in prison. On direct appeal, he questioned only the sufficiency of the evidence. The Supreme Court of Indiana affirmed his conviction on June 28, 2001.

His state petition for post-conviction relief, first filed on December 12, 2001, did not proceed smoothly. The state public defender withdrew its representation of Williams on August 9, 2002, leaving Williams to continue *pro se*. While this was going on, Williams was found to be mentally disabled by the Social Security Administration (by letter dated December 3, 2002, with a finding that his disability dated back to 1988). This letter apparently was not filed with the court. Based on the record

before it, on June 3, 2003, the trial court denied post-conviction relief, stating that Williams "has presented no evidence . . . that he was ever declared mentally handicapped."

At this point, matters became more complicated. Williams filed a notice of appeal and later, on October 21, 2003, a brief, but he did not file the required appendix. This rendered his submission nonconforming according to the rules of the court. The state court of appeals gave Williams 30 days to cure the filing defects in his petition, starting the clock on February 26, 2004. He did nothing within the permitted time, leading the State to file a motion to dismiss for lack of compliance with the order on May 17, 81 days after the court's order issued. The state court finally dismissed the petition with prejudice for failure to prosecute on June 1, 2004, Day 96. Williams did not file for transfer to the Supreme Court of Indiana. Instead, he turned to federal court and filed a petition for a writ of habeas corpus, signing it on March 29, 2005, with an official filing date of April 18.

The State argues that Williams's petition was untimely. A prisoner has one year to file a petition for a writ of habeas corpus, starting (as pertinent here) from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Williams's direct review concluded and his conviction became final on September 26, 2001. The time during which a "properly filed application for State post-conviction or other collateral review" is pending, however, is not counted against

the federal period of limitation. 28 U.S.C. § 2244(d)(2). Williams filed for state relief 77 days into his one-year clock.

As the State sees it, the appellate court dismissed Williams's cause on June 1, restarting the clock with 288 days left. His one-year clock would expire on March 16, 2005, which would make his filing 13 days late. Williams contends that the case was still pending during the 30-day period when he was entitled to file for transfer to the Supreme Court of Indiana, and it did not become final (thereby restarting the one-year clock) until July 1. If he is right, then his limitations period did not end until April 15, 2005, and his petition was timely.

The district court thought that it could avoid deciding whose account was correct by holding that Williams's time for filing his federal petition was equitably tolled. We have not, however, ruled whether or not equitable tolling should be available at all in a § 2254 context. *Johnson v. Chandler*, 224 F. App'x 515, 519 (7th Cir. 2007); *Williams v. Sims*, 390 F.3d 958, 963-64 (7th Cir. 2004); *Modrowski v. Mote*, 322 F.3d 965, 967 n.12 (7th Cir. 2003) (reserving the issue explicitly). Equitable tolling requires "extraordinary circumstances far beyond the litigant's control . . . ." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (denying equitable tolling when counsel's father passed away weeks before deadline). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Here, the district court criticized the grounds on

which Williams requested equitable relief (calling the letter from the Social Security Administration "a very slender reed to bottom equitable tolling"), but granted it anyway, seemingly because Williams was appearing *pro se* and he was only 13 days late. *Williams v. Davis*, 2006 U.S. Dist. LEXIS 29360 at *4-5 (Apr. 28, 2006, N.D. Ind.). Especially when the very availability of equitable tolling for habeas corpus petitioners is dubious in this circuit, this reasoning is insufficient under the high *Pace* standard. The district court should have proceeded to consider the timing problem directly.

Although the State argues that our decision in *Fernandez v. Sternes*, 227 F.3d 977 (7th Cir. 2000), governs this situation by mandating that the tolling period ends at the earlier date if no petition for further review is filed, a closer look at *Fernandez* shows that it does not go that far. In fact, we explicitly set that question aside in *Fernandez. Id.* at 980 ("It is unnecessary to decide, and we therefore reserve, the question whether time provided for filing a petition or appeal to a higher court is treated as time during which an application is pending, if the time expires without a filing."). Here, too, we can reserve further consideration of the intricacies of the timing rules. The one-year time limit is not jurisdictional. *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1997).

Williams cannot prevail for an equally compelling reason: his ineffective assistance claim was procedurally defaulted. The State asserts that he never presented this claim to the state courts, and Williams does not indicate otherwise. Even if it had been presented on the merits in

the petition before the appellate court (and if we assumed that the defective petition was good enough for this purpose), Williams did not file for transfer to the Supreme Court of Indiana once his petition was dismissed with prejudice. This was not a step that he was entitled to omit, even for a post-conviction petition and even if review (as it usually is at that level) is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

Williams tacitly acknowledges this in his briefs before this court. He offers two reasons why the state court of appeals should have forgiven his nonconforming filings, and (we assume generously) that support a finding of good cause for the procedural default. See *Dretke v. Haley*, 541 U.S. 386, 388 (2004), and *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). But good cause alone is not enough (even if we were inclined to find it on this record): before we can overlook a procedural default, we must find both cause and prejudice, and Williams never demonstrates the latter. See *Haley*, 541 U.S. at 388 (grounding the cause-and-prejudice requirement in considerations of "finality, comity, and the orderly administration of justice"); *Wainwright*, 433 U.S. at 85 (discussing the incorporation of the cause-and-prejudice standard into federal habeas corpus law).

In any event, we are not persuaded that Williams was able to demonstrate good cause to excuse his procedural default. Williams asserts that he did not have proper access to the prison law library through no fault of his own. This court examines claims of cause based on lack of access to a library on a case-by-case basis. See, *e.g.*, *O'Donnell v. Davis*, 115 F. App'x 869, 871-72 (7th Cir.

2004). Williams does not explain why the lack of access to the library hindered his case: the deficiencies indicated by the state appeals court were clerical, not substantive, and may well have been curable without access to the library. Notably, Williams explained this problem to the state court in his letter of June 1, 2004, and the state court allowed him 30 extra days in which to file proper documents. Even afterward, Williams failed to file for transfer, with no explanation of why he was still hampered by lack of access to the law library. On this record, Williams cannot rely on lack of access to the library to support cause for his procedural default.

Williams also suggests that his mental incapacity provides cause, but once again the record does not support him. This court has held that "borderline mental retardation" diagnosed by a neuropsychologist does not constitute cause. *Harris v. McAdory*, 334 F.3d 665, 668-69 (7th Cir. 2003) (finding that such a condition was not sufficiently external to the petitioner to support cause for default); see also *Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show . . . some objective factor external to the defense[.]"). In Williams's case, the diagnosis came from the Social Security Administration rather than a neuropsychologist, which only weakens his argument for cause: the *Harris* court rejected the neuropsychologist's opinion in part because it was conclusory. See *Harris*, 334 F.3d at 669. The same criticism applies to the form letter from the SSA.

The district court reached the merits of the petition without discussing the procedural default. *Williams*, 2006

U.S. Dist. LEXIS 29360 at *5. It should not have done so, because an unexcused procedural default ends the case. See, *e.g.*, *Daniel v. Knight*, 476 F.3d 426, 435 (7th Cir. 2007). Williams procedurally defaulted his ineffective assistance claim by failing to present it fully to the state courts. He has not shown the type of cause that would excuse this defect, nor has he made any argument demonstrating prejudice. In light of his procedural default, we therefore VACATE the district court's judgment granting the writ and REMAND with directions to deny the petition.