**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 9, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DANIEL RICHARD AROS,

      Defendant - Appellant.

No. 06-8031
(D.C. No. 05-CV-16-ABJ)
(D. Wyo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Defendant-Appellant Daniel Richard Aros, a federal inmate appearing pro se, seeks a certificate of appealability (COA) allowing him to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The district court denied the motion as time-barred under the one-year limitation period of § 2255. Because we determine that Mr. Aros has not made a "substantial showing of the denial of a constitutional right," id. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), we deny a COA and dismiss the appeal.

Mr. Aros was convicted following a jury trial of conspiracy to traffic in methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) & 846.

He was sentenced to 188 months' imprisonment, five years' supervised release, a $2,000 fine, and a $100 special assessment. His conviction and sentence were affirmed on direct appeal. United States v. Martinez, 77 F.App'x 490 (10th Cir. 2003). He filed the instant § 2255 motion on January 13, 2005, claiming that (1) his sentence was enhanced without an admission by him or a jury finding, (2) his counsel was ineffective for not presenting Apprendi issues on direct appeal, and (3) the trial court gave an improper jury instruction in light of Apprendi. See Apprendi v. New Jersey, 530 U.S. 466 (2000). The § 2255 motion was filed by Mr. Aros's trial counsel, and Mr. Aros claims that this attorney agreed to file the motion for him but not to represent him in the § 2255 proceedings.

The district court held that Mr. Aros's conviction became final on January 8, 2004, the day the 90-day period to seek certiorari from the United States Supreme Court following our affirmance had expired. See Sup. Ct. R. 13. Absent other statutory grounds for tolling, Mr. Aros had one year from that date to file a § 2255 motion; his filing on January 13, 2005, was therefore untimely. He contends that we should consider the limitations period equitably tolled because his trial counsel lulled him into a false sense of security by agreeing to timely file his § 2255 motion, causing him not to file on his own. I R. Doc. 20, Ex. A. Equitable tolling requires an inmate to show both extraordinary circumstances beyond his control responsible for the late filing and diligent pursuit of his claims. Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006).

2

The district court determined that, even assuming the facts asserted by Mr. Aros were accurate, the attorney error described did not constitute extraordinary circumstances. We do not think the district court's conclusion that this motion is time-barred and not saved by equitable tolling is reasonably debatable. The mistake in this case is in the same league with ordinary attorney errors which consistently have been found not to warrant equitable tolling. See Rouse v. Lee, 339 F.3d 238, 248-49 (4th Cir. 2003) (en banc) cert. denied, 541 U.S. 905 (2004); Modrowski v. Mote, 322 F.3d 965, 967-68 (7th Cir. 2003); see also United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005) ("[S]erious attorney misconduct, as opposed to mere negligence, may warrant equitable tolling.") (quotation marks omitted). We agree with the district court that Mr. Aros bore the risk of untimely filing in this case, particularly given that trial counsel declined to represent him.

We DENY a COA and IFP status, and we DISMISS the appeal.


Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

3