**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 16, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

BRIAN GERHARTZ,

      Defendant-Appellant.

No. 08-4072
(D.C. No. 2:07-CV-935-TC)
(D. Utah)

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Brian Gerhartz seeks a Certificate of Appealability ("COA") permitting him to appeal the district court's denial of his motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255. We are constrained by the terms of 28 U.S.C. § 2253(c)(2) and our precedent to deny Mr. Gerhartz's application.

\* \* \*

Under the terms of a plea agreement with the government, Mr. Gerhartz pled guilty to conspiring or attempting to manufacture more than fifty grams of

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

methamphetamine. *See* 21 U.S.C. §§ 841(a), 841(b)(1)(A)(viii), 846. At sentencing, the district court concluded that Mr. Gerhartz was subject to a mandatory minimum sentence of 120 months' imprisonment followed by 60 months' supervised release. D.Ct. Op. at 1. As part of his plea, Mr. Gerhartz expressly waived his right to appeal this sentence or to attack it collaterally. D.Ct. Op. at 1; *United States v. Gerhartz*, 2007 WL 1417292, at *1 (10th Cir. 2007). When Mr. Gerhartz nevertheless filed a notice of appeal, a panel of this court dismissed it as barred by the plea agreement. Applying our three-part test announced in *United States v. Hahn*, 359 F.3d 1315, 1325-27 (10th Cir. 2004) (en banc) (per curiam), the panel enforced the waiver because (1) the challenge fell within the scope of the waiver of appellate rights; (2) the waiver appeared knowing and voluntary; and (3) no miscarriage of justice resulted from the waiver's enforcement. *Gerhartz*, 2007 WL 1417292, at *1.

Several months later, Mr. Gerhartz moved the district court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Mr. Gerhartz's motion challenged the district court's sentencing decision, and in particular challenged the sentencing court's calculation of his criminal history under the Sentencing Guidelines, submitting that he should have been afforded the protection of 18 U.S.C. § 3553(f)'s "safety valve" for less culpable offenders. R. at 5-6, 12-21.

The district court concluded that, like his earlier attempt to directly appeal his sentence, Mr. Gerhartz's § 2255 motion was barred by his plea agreement. D.Ct. Op. at 2-3. In reaching this conclusion, the district court specifically noted that Mr. Gerhartz might have argued that his plea agreement was involuntary by virtue of inadequate advice from his trial counsel. *Id.* (citing *United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002); *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)). But the court proceeded to observe that Mr. Gerhartz raised no such argument in his motion, which instead focused exclusively on the sentencing court's purported error in calculating his sentence. In these circumstances, the district court held, Mr. Gerhartz's plea agreement controlled and barred his claim. D.Ct. Op. at 3.

Mr. Gerhartz now seeks to appeal the district court's decision. Mr. Gerhartz appears before us *pro se*, so we afford his submissions a solicitous construction. *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). Because he lacks a COA enabling him to appeal the district court's decision, *see* 28 U.S.C. § 2253(c), we will construe his notice of appeal as an application for the needed certificate, *see* 10th Cir. R. 22.2(c)(1). A COA cannot issue unless the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This test is satisfied only if the applicant shows that "reasonable jurists could debate whether (or, for that matter, agree that) the

petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted)). "When the district court denies a [§ 2255 motion] on procedural grounds without reaching the prisoner's underlying constitutional claim," this test requires us to decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

It is beyond dispute that Mr. Gerhartz's direct challenges to the calculation of his sentence—the only bases for relief he asserted before the district court—are barred by waiver under the test we announced in *Hahn*. Mr. Gerhartz's plea agreement forbids him from challenging either his sentence or "the manner in which the sentence is determined" on collateral attack, D.Ct. Op. at 2; because all the claims in his § 2255 motion fit this description, they are plainly within the scope of the waiver's terms. In addition, Mr. Gerhartz's submissions to the district court provided no basis to question the knowing and voluntary character of the plea agreement. *Cf. Hahn*, 359 F.3d at 1329. Mr. Gerhartz made no allegation that, for example, he accepted the plea agreement only because of his lawyer's bad advice. D.Ct. Op. at 3. Though such a claim would have survived the waiver had it been made, *Cockerham*, 237 F.3d at 1187, even the most

generous reading of Mr. Gerhartz's filings before the district court fails to disclose any argument along those lines. *Cf. Hahn*, 359 F.3d at 1329 (defendant must "provide support for the notion that he did not knowingly and voluntarily enter into his plea agreement").[1]  Neither did Mr. Gerhartz present any basis to believe that enforcement of his plea agreement would result in a miscarriage of justice, as we have defined the term, sufficient to permit the district court to entertain his petition. *See id.* at 1327.

It is true that in his submissions to *this* court, Mr. Gerhartz *has* alleged that his trial lawyer was constitutionally ineffective.  In addition to challenging counsel's performance at the actual sentencing hearing, a claim that does not survive his waiver, *Cockerham*, 237 F.3d at 1187, Mr. Gerhartz also alleges that "[c]ounsel's failure to properly prepare for sentencing, properly prepare the defendant, and [falsely] lead the defendant to believe that if he signed 'now' he still had 'rights', to appeal, 'any issues during sentencing' . . . violated . . . the 'Constitution of the United States.'" Appellant's Br. at 6.  Given our obligation to read the papers of *pro se* litigants with solicitude, we think that sufficient to raise a claim that counsel's ineffectiveness rendered the plea agreement itself

---

[1] We note that the previous panel's determination that the plea appeared knowing and voluntary from the face of the trial record is not necessarily conclusive of this question on collateral review because extrinsic evidence could show that counsel's ineffectiveness rendered the plea involuntary.

involuntary—a claim that *would* survive Mr. Gerhartz's waiver, and that would provide a basis for withholding enforcement of the waiver under *Hahn*.

The difficulty is that, when considering whether to issue a COA, we are instructed to review only whether the district court's decision was arguably incorrect. *Slack*, 529 U.S. at 484. And we fail to see how the district court could have been wrong not to consider arguments or evidence not presented to it. We and our sister circuits have repeatedly declined to address claims in these circumstances. *See, e.g., Coppage v. McKune*, 534 F.3d 1279, 1282 (10th Cir. 2008) (declining to address arguments not first presented to the district court); *Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004) (same); *Jones v. Gibson*, 206 F.3d 946, 958 (10th Cir. 2000) ("Petitioner did not make this argument in his revised habeas petition. Thus, this court need not consider it."); *Blanton v. Quarterman*, 543 F.3d 230, 243 (5th Cir. 2008) (court of appeals "cannot" consider habeas arguments not presented to the district court); *Barbe v. McBride*, 521 F.3d 443, 454 n.17 (4th Cir. 2008) (declining to consider habeas claims for the first time on appeal); *Carrascosa v. McGuire*, 520 F.3d 249, 263-64 (3d Cir. 2008) (issues not presented to district court were "not properly before" court of appeals).

\* \* \*

Because the district court's analysis of the motion Mr. Gerhartz presented was correct, the application for a COA is denied.  The appeal is dismissed.


ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge