**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 27, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD L. MONTOYA,

          Petitioner–Appellant,

v.

KEVIN MILYARD, SCF Warden;
ARISTEDES ZAVARAS; and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

          Respondents–Appellees.

No. 09-1096
(D.C. No. 1:08-CV-02116-ZLW)
(D. Colo.)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Richard L. Montoya filed a 28 U.S.C. § 2254 habeas petition nearly four
years after his state conviction became final. The district court dismissed his
petition as time barred. We agree with the district court. Accordingly, we deny
Montoya's application for a certificate of appealability ("COA") and dismiss the
appeal.

**I**

Montoya was convicted of first degree murder and domestic violence. His direct appeal was dismissed by the Colorado Court of Appeals in April 2004, and in August 2004, the Colorado Supreme Court denied Montoya's petition for certiorari. Having exhausted his direct appeals, Montoya filed a motion for sentence reconsideration pursuant to Colorado Rule of Criminal Procedure 35(b) in January 2005. That motion was denied within the month. Montoya did not appeal. He did, however, challenge the constitutionality of his sentence under Colorado Rule of Criminal Procedure 35(c) in a separate motion filed in June 2006. Montoya's Rule 35(c) motion was denied in August of the same year, and the Colorado Court of Appeals affirmed the denial in April 2008. Montoya did not petition the Colorado Supreme Court for certiorari on that motion.

On September 19, 2008, Montoya filed a § 2254 petition for a writ of habeas corpus in the United States District Court for the District of Colorado. Concluding it was time barred, the district court denied the petition pursuant to 28 U.S.C. § 2244 and declined to grant a COA.

**II**

Because the district court denied his habeas petition and his request for a COA, Montoya may not appeal the district court's decision absent a grant of a COA by this court. 28 U.S.C. § 2253(c)(1)(A). To obtain a COA, Montoya must make a "substantial showing of the denial of a constitutional right." § 2253(c)(2).

When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as in the case before us, a petitioner is not entitled to a COA unless he can show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). We have the discretion to resolve either the procedural or the substantive issue first. Id. at 485.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on § 2254 habeas claims. § 2244(d)(1). Generally, the period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Montoya's petition for certiorari to the Colorado Supreme Court was denied on August 16, 2004. He then had ninety days to petition the United States Supreme Court for certiorari. Sup. Ct. R. 13(1). Because he did not file such a petition, Montoya's limitations period began to run at the end of the ninety-day period: November 15, 2004.

Montoya correctly argues he was entitled to tolling while his state postconviction motions were pending. § 2244(d)(2). The time during which his Rule 35(b) and Rule 35(c) motions were pending and the forty-five days during which Montoya could have sought certiorari from the Colorado Supreme Court,

see Colo. R. App. P. 4(b)(2), do not count against his AEDPA limitations period. This entitles Montoya to a total of 733 days of tolling under § 2244(d)(2). Thus, his federal habeas petition would have been timely had it been filed by November 20, 2007. Because it was not received by the district court until September 19, 2008, Montoya's petition is time barred unless he is entitled to nearly a year of additional tolling.

Montoya claims that he is entitled to equitable or statutory tolling under § 2244(d)(1)(B) because his counsel was constitutionally ineffective for failing to notify him of AEDPA's one-year statute of limitations. He contends this ineffectiveness was a state-created impediment because it occurred at a time when he had a constitutional right to effective assistance of counsel. Montoya is incorrect; he did not have a constitutional right to counsel in his habeas proceedings. See Lawrence v. Florida, 549 U.S. 327, 336-37 (2007).

Moreover, "[h]abeas counsel's negligence is not generally a basis for equitable tolling because there is no constitutional right to an attorney in state post-conviction proceedings." Fleming v. Evans, 481 F.3d 1249, 1255 (10th Cir. 2007) (quotation and alteration omitted); see also Lawrence, 549 U.S. at 336-37 (attorney miscalculation of statute of limitations is not grounds for equitable tolling). "[S]ufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period." Fleming,

481 F.3d at 1256.  <u>Fleming</u> involved an attorney who affirmatively misled his client into thinking that he was preparing a habeas petition.  <u>Id.</u>

Montoya was not represented by counsel when he filed his Rule 35(c) motion or when he appealed the denial of that motion.  Any failure to realize the AEDPA statute of limitations was his own.  Even if Montoya was represented by counsel, he has failed to explain how counsel's failure to notify him of the statute of limitations amounts to more than ordinary negligence.  Because of both failures, we cannot conclude that he is entitled to tolling on this basis.  <u>See</u> <u>id.</u> at 1256-57 (holding that petitioner had alleged enough facts to warrant an evidentiary hearing on equitable tolling).  Reasonable jurists would thus not debate whether the district court's procedural ruling was correct.

### III

For the reasons stated, we **DENY** Montoya's application for a COA and **DISMISS** the appeal.  Montoya's motion to proceed in forma pauperis is **GRANTED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge