FILED
United States Court of Appeals
Tenth Circuit

September 8, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENCH CIRCUIT

JOHN MICHAEL BROADUS,

Petitioner-Appellant,

v.

STEVE HARTLEY, Warden, and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

Respondents-Appellees.

No. 09-1208

(D. of Colo.)

(D.C. No. 09-cv-390-ZLW)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

John Michael Broadus appeals from the district court's dismissal of his

application for habeas relief pursuant to 28 U.S.C. § 2254. The district court

concluded Broadus's habeas petition was time-barred, and that Broadus's

argument for equitable tolling lacked merit. Because we determine Broadus has

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

not established that "jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect," *Slack v. McDaniel*, 529 U.S. 473, 485 (2000), we DENY a certificate of appealability (COA) and DISMISS this appeal.

## I. Background

In February 2009, Broadus initiated this action by bringing a pro se application for writ of habeas corpus pursuant to § 2254.[1] A magistrate judge ordered the respondents to submit a pre-answer response addressing timeliness under § 2244(d) and exhaustion of state court remedies under § 2254(b)(1)(A). The respondents complied with the magistrate judge's request, and Broadus filed a reply.

The district court then dismissed the action as time-barred. Specifically, the court undertook a thorough examination of when Broadus's conviction became final and concluded that Broadus filed his habeas petition after the § 2244(d) one-year limitation had expired.

First, the district court explained, Broadus was convicted by a jury on May 25, 2000 on charges of first-degree assault causing serious bodily injury by use of a deadly weapon and reckless endangerment. Broadus appealed his conviction, and on May 16, 2002, the Colorado Court of Appeals affirmed. *See People v.*

---

[1] Because Broadus appears pro se, we construe his arguments liberally. *See de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007).

*Broadus*, No. 00CA1889 (Colo. Ct. App. May 16, 2002). Finally, on October 7, 2002, the Colorado Supreme Court denied certiorari review.

Broadus filed a state postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure on January 15, 2004. It was denied in 2005. Broadus filed a notice of appeal, and on December 20, 2007, the Colorado Court of Appeals affirmed the denial of the Rule 35(c) motion. *See People v. Broadus*, No. 05CA0813 (Colo. Ct. App. Dec. 20, 2007).[2]

Because Broadus had ninety days after the Colorado Supreme Court denied certiorari review of his direct appeal to file a petition for certiorari in the United States Supreme Court, s*ee* Sup. Ct. R. 13, the district court determined that the Anti-Terrorism and Effective Death Penalty Act (AEDPA) one-year limitation period began to run on January 6, 2003. Accordingly, the court found that the limitation period expired on January 7, 2004. And because the one-year limitation had already lapsed by the time Broadus filed his Rule 35(c) postconviction motion on January 15, 2004, the district court concluded it did not toll the one-year limitation period. Given this, the court found that Broadus's § 2254 petition, filed in February of 2009, was not timely.

Finally, the district court rejected Broadus's equitable tolling argument. In particular, the court concluded that the alleged failure of Broadus's appellate

---

[2] Additionally, it appears that on May 9, 2008, the trial court denied a motion entitled "Defendants [sic] motion to Withdraw Plea and Dismiss."

attorney to keep Broadus informed of the status of his certiorari petition—so Broadus could have filed his Rule 35(c) motion in time to halt the lapsing of the AEDPA limitation—could not justify equitable tolling.

## II.  Analysis

Broadus makes the same arguments on appeal.

To challenge the dismissal of a § 2254 petition on procedural grounds, a petitioner seeking a COA must establish that reasonable jurists would find it debatable both whether the district court was correct in its procedural ruling, and whether the petition states a valid claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85; *Fleming v. Evans*, 481 F.3d 1249, 1254–56 (10th Cir. 2007).  If a procedural bar is present and the district court correctly invokes it to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.  Because reasonable jurists could not debate the propriety of the district court's dismissal of this case as time-barred, we decline to issue a COA.

### A.

AEDPA imposes a one-year statute of limitations on habeas petitions by state prisoners.  § 2244(d)(1).  This one-year period of limitation begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  § 2244(d)(1).

As the district court properly found, Broadus's conviction became final ninety days after the Colorado Supreme Court's October 7, 2002 denial of certiorari review. Consequently, Broadus's conviction became final on January 6, 2003, which triggered the running of the AEDPA one-year limitation. *See* § 2244(d)(1)(A). Although the AEDPA one-year limitation stops running during the time when a properly-filed application for state postconviction review is pending, § 2244(d)(2), the one-year limitation had already expired when Broadus filed his Rule 35(c) postconviction motion on January 15, 2004, so he could not benefit from any tolling of the limitation period. Broadus's habeas petition, filed in February of 2009, was therefore not timely because he filed it long after the AEDPA one-year limitation had expired.

Accordingly, reasonable jurists could not debate the propriety of the district court's procedural ruling that the petition was time-barred.

**B.**

Nor could reasonable jurists debate the propriety of the district court's refusal to equitably toll the AEDPA limitation. The AEDPA statute of limitations is subject to equitable tolling in cases where extraordinary circumstances outside of the prisoner's control lead to a delay in filing. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Equitable tolling is appropriate, however, only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Id.*;

*Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) ("Generally, equitable tolling requires a litigant to establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." (citation and internal quotation marks omitted)).

We have restricted equitable tolling of the one-year limitations period to "rare and exceptional" circumstances. *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003); *Wallace v. Kato*, 549 U.S. 384, 396 (2007) ("Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs."); *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000). "[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh*, 223 F.3d at 1220 (internal quotation marks and citation omitted). And "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808.

Broadus argues his appellate attorney failed to keep him informed of the status of his petition for certiorari review on direct appeal, and therefore that he did not file his Rule 35(c) motion in time to prevent the AEDPA limitation from running.[3] But attorney negligence is generally not a basis for equitable tolling. *See Fleming v. Evans*, 481 F.3d 1249, 1255–56 (10th Cir. 2007). Indeed, "clients,

---

[3] States have no obligation to provide postconviction relief at all, "and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well." *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) (internal citation omitted). Instead, "the right to appointed counsel extends to the first appeal of right, and no further." *Id.* at 555.

even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures." *Id*.; *see also Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) ("Lawrence argues that his counsel's mistake in miscalculating the limitations period entitles him to equitable tolling. If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.").

We recently held that sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period. *Fleming*, 481 F.3d at 1255–56. In *Fleming*, we held that counsel's repetitive and deceitful assurances that a habeas petition would be filed could justify equitable tolling of the limitations period. But that is a far cry from the circumstances here, where Broadus claims his counsel failed to keep him timely apprised of the status of his case on appeal. Instead, appellate counsel's conduct here falls short of the egregious misconduct that could justify equitable tolling.

But even if counsel erred in failing to notify Broadus of the status of his direct state appeal, Broadus does not establish that he diligently pursued his federal claims. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("[Petitioner] has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal [habeas] claims. . . . It is

apparent that [petitioner] simply did not know about the limitation in the AEDPA until it was too late." (citations omitted)); *see also Yang*, 525 F.3d at 930 (Yang merely stated his court-appointed attorney for the state court appeal did not inform him of the AEDPA filing deadline; he did not set forth what actions he pursued to secure assistance with his language barrier inside or outside prison boundaries and did not establish he diligently pursued his claims).

Broadus tries to establish his equitable bona fides by arguing that after he heard nothing from his lawyer he took steps to contact the Colorado Supreme Court and have his counsel removed. But he provides no support for the proposition that he diligently pursued his *federal* claims at the same time. According to Broadus, after more than a year of a lack of communication from his counsel concerning his certiorari petition, he wrote to the Colorado Supreme Court. *See* ROA, V.1 at 164. He claims the court told him his certiorari petition had been denied, and then he promptly filed an application for state collateral review. Broadus contends the court notified him of the denial of his petition for certiorari in October of 2003. *See id.* at 164, 179. Assuming this is correct, Broadus still had over two months to file his state collateral action before the AEDPA limitation passed. But he failed to do so. And he does not establish that he made other attempts to diligently pursue his federal claims during the relevant time period. Consequently, he cannot demonstrate he diligently pursued his federal rights in a timely manner. *Cf. Fleming*, 481 F.3d at 1257 (Each time

petitioner inquired, his counsel assured him that his petition was being prepared and that, within a week or two of that conversation, the petition would be filed, but no petition was filed; aware that the one-year limitations period was fast approaching, Fleming drafted his own petition and submitted the draft to his counsel for review and filing in state court, but his counsel failed to file it until after the AEDPA limitations period expired).

In sum, this case does not present one of those "rare and exceptional circumstances" in which the untimely filing of a federal habeas petition should be equitably excused. *Gibson*, 232 F.3d at 808. Therefore, reasonable jurists could not debate the propriety of the district court's procedural ruling.

### III. Conclusion

Because no jurists of reason would find it debatable whether the district court was correct in its procedural ruling, we deny Broadus's application for a COA and dismiss this appeal. We GRANT his motion to proceed in forma pauperis.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

-9-