**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 12, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JESSE TRUJILLO, SR.,

       Petitioner-Appellant,

v.

GEORGE TAPIA, Warden, and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

       Respondents-Appellees.

No. 09-2185
(D.C. No. 09-cv-59-JCH-RLP)
(D.N.M.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

On August 31, 2004, Jesse Trujillo was convicted in New Mexico state court of larceny, non-residential burglary, and conspiracy to commit non-residential burglary. He was sentenced to a prison term of ten and a half years, less one day. He appealed his conviction in state court, arguing that the evidence presented against him could support only a charge of shoplifting, not burglary, and that the trial court erroneously admitted unfairly prejudicial evidence of uncharged conduct. The New Mexico Court of Appeals affirmed Mr. Trujillo's

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conviction, and the New Mexico Supreme Court denied his petition for a writ of certiorari on April 14, 2005.

Nearly three and a half years later, on October 7, 2008, Mr. Trujillo sought collateral relief in New Mexico state court. The New Mexico district court summarily dismissed his petition for a writ of habeas corpus, and the New Mexico Supreme Court again denied Mr. Trujillo's petition for a writ of certiorari.

It was not until January 22, 2009 that Mr. Trujillo brought his case to federal district court by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C § 2254. A magistrate judge recommended dismissal of his petition as time-barred. The district court adopted the magistrate judge's report and dismissed Mr. Trujillo's petition.

Mr. Trujillo now seeks from us a certificate of appealability ("COA") to appeal the district court's dismissal of his § 2254 petition. We may issue a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court dismisses a § 2254 petition on procedural grounds, we may issue a COA only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We conclude that the district court was unquestionably correct in holding Mr. Trujillo's petition time-barred, and thus deny his application for a COA and dismiss this appeal.

A petitioner seeking federal habeas relief under § 2254 generally must bring his motion within one year from the date on which his conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In Mr. Trujillo's case, the New Mexico Supreme Court denied his petition for a writ of certiorari on April 14, 2005, after which he had ninety days to seek review by the United States Supreme Court. His one-year window to file a § 2254 petition, then, opened in July 2005 and closed in July 2006. Mr. Trujillo filed his petition on January 22, 2009, more than two and a half years after that window closed. Accordingly, unless something acted to toll the one-year limitations period, Mr. Trujillo's petition was plainly time-barred.

Mr. Trujillo's application for a COA and opening brief on appeal don't squarely challenge the district court's conclusion that his petition was time-barred; rather, both simply reiterate his arguments on the merits concerning sufficiency and admission of evidence. We read *pro se* filings with particular solicitude, however, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), and detect two possible arguments for tolling the one-year limitations period. Neither is availing.

*First*, Mr. Trujillo argued in his objections in the district court to the magistrate judge's report and recommendation that he didn't know when his direct appeal was denied, and thus didn't know when the one-year clock to file a

§ 2254 petition started ticking, because his appellate attorney failed to keep him apprised of the status of his appeal, despite his claimed attempts to contact her.[1] Accordingly, he asked the district court to use June 2008 — when he claims he finally learned his appeal had been denied in state court — rather than July 2005, as the appropriate date for calculating his one-year window to file under § 2254. We take this as urging equitable tolling of the limitations period, which "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Having reviewed the record, we conclude that Mr. Trujillo hasn't satisfied these requirements.

Mr. Trujillo has failed to demonstrate that he diligently pursued his federal habeas claims. Although he has claimed he made various but unsuccessful efforts to contact his state direct-appeal attorney, Mr. Trujillo has given no indication that he ever inquired with the state courts about the status of his appeal during that period. A simple telephone call or letter to a court clerk's office might have informed him when his appeal was denied and thus given him the information necessary to determine the deadline for filing his § 2254 petition. Neither has he

---

[1] For her part, Mr. Trujillo's attorney stated in a June 2, 2008 letter to him that she had in fact sent him communications during his appeal and that she had not received the letters he claimed to have sent her during the previous three years.

pointed to any discernable action — such as seeking out representation or preparing *pro se* materials — he took to pursue a federal § 2254 petition for a period of over three years. Accordingly, we must conclude that he didn't diligently pursue his claims, and for that reason he isn't entitled to equitable tolling of the one-year limitations period.

Additionally, even assuming without deciding that Mr. Trujillo is correct some attorney negligence took place here, that will rarely qualify as an extraordinary circumstance meriting equitable tolling, because "clients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures." *Fleming v. Evans*, 481 F.3d 1249, 1255-56 (10th Cir. 2007) (quoting *Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003)). Particularly egregious attorney misconduct, such as repeated, deceitful assurances that a habeas petition would soon be filed, may entitle a petitioner to equitable tolling. *See id.* at 1256-57. But an attorney's mere alleged failure to inform a client of the date on which his appeal was denied falls well short of that threshold. *See, e.g.*, *Broadus v. Hartley*, 2009 WL 2861153, at *3 (10th Cir. Sept. 8, 2009) (unpublished). For that additional reason, the district court correctly refused to apply equitable tolling.

*Second*, we note that the limitations period doesn't run while a properly filed application for state collateral review is pending. *See* 28 U.S.C. § 2244(d)(2). Though Mr. Trujillo did apply for collateral review in New Mexico

state court, that petition wasn't filed until October 7, 2008.  It thus could not have tolled the limitations period for his § 2254 petition, which had already expired in July 2006.  Any argument Mr. Trujillo might make for statutory tolling, then, is unavailing.

Because neither equitable nor statutory tolling served to extend the time in which Mr. Trujillo could file a habeas petition under § 2254, reasonable jurists could not debate whether his petition was time-barred.  Accordingly, we deny his application for a COA and dismiss this appeal.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge