**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 2, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STEPHANIE DEANN DAVIS,

      Petitioner-Appellant,

v.

MILLICENT NEWTON-EMBRY,
Warden of the Mabel Bassett
Correctional Center,

      Respondent-Appellee.

No. 12-6007
(D.C. No. 5:11-CV-00079-W)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY, TYMKOVICH, GORSUCH**, Circuit Judges.

---

Stephanie Davis, along with a co-defendant, was tried in Oklahoma state court for the first degree murder of Ms. Davis's young child and on related charges of neglect and abuse. Ms. Davis was convicted of the murder and sentenced to life imprisonment without parole. After appealing that conviction to the Oklahoma Court of Criminal Appeals, she brought a federal habeas petition under 28 U.S.C. § 2254, alleging that her conviction was constitutionally invalid

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

on the grounds that she was entitled to a trial separate from her co-defendant and that the prosecutor improperly commented on her Fifth Amendment right to remain silent. After receiving the recommendations of a magistrate, the district court denied the petition.

The district court did not issue a certificate of appealability (COA) and Ms. Davis does not specifically request one from us. We construe the district court's failure to issue a COA as a denial and, as a COA is a prerequisite of our consideration of Ms. Davis's claims, we construe her appeal as a request for such a certificate. *See United States v. Riddick*, 104 F.3d 1239, 1241 (10th Cir. 1997), overruled on other grounds by *United States v. Kunzman*, 125 F.3d 1363 (10th Cir. 1997).

We may issue a COA only if Ms. Davis makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard she must demonstrate that "reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted). That is, she must show that reasonable jurists might disagree with the district court's determination that the OCCA's decision was not "contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

In support of her claim that she was entitled to a separate trial, Ms. Davis points to *Bruton v. United States*, 391 U.S. 123 (1968), arguing that under *Bruton* severance is required whenever co-defendant's defenses are "mutually antagonistic." But as we have previously recognized, the clear scope of *Bruton* encompasses only the situation where a co-defendant's statement inculpating the defendant is admitted into evidence. *See United States v. Sarracino*, 340 F.3d 1148, 1160 (10th Cir. 2003). And even then, "the exception created by *Bruton* is a narrow one," applying only "in those few contexts where the statement is so inculpatory as to the defendant that the practical and human limitations of the jury system cannot be ignored." *Id.* (quotation omitted). In this case, while the statements of Ms. Davis's co-defendant may have been inferentially incriminating, there is no real suggestion that they were so inculpatory as to constitutionally require separate trials.

Ms. Davis's remaining claim, that the prosecutor improperly commented on her right to remain silent, also does not merit habeas relief. As the district court noted, the prosecutor's comments were effectively invited by the defense itself, and any error was undoubtedly harmless in light of the overwhelming evidence supporting the conviction.

Ms. Davis's application for a COA is denied and this appeal is dismissed.


ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge