**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 18, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TOMMY ARROWGARP,

    Defendant - Appellant.

No. 13-4154
(D.C. Nos. 2:13-CV-00363-DB and
2:03-CR-00549-DB-1)
(D. Utah)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

Tommy Arrowgarp, an inmate proceeding *pro se*, was convicted of three federal crimes stemming from his sexual abuse and assault of a minor. On direct review we affirmed his convictions. *United States v. Arrowgarp*, 253 F. App'x 790 (10th Cir. 2007). Earlier this year Mr. Arrowgarp filed in the district court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The district court denied this motion as untimely and not warranting equitable tolling, and denied a motion for an evidentiary hearing as moot.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Arrowgarp now appeals, arguing that equitable tolling is warranted and that the district court erred in failing to grant him an evidentiary hearing. A certificate of appealability ("COA") is a prerequisite to pursuing § 2255 relief in this court. *United States v. Harper*, 545 F.3d 1230, 1231 (10th Cir. 2008). Because he lacks a COA, we will construe Mr. Arrowgarp's appeal as an application for the needed certificate. *See Davis v. Newton-Embry*, 478 F. App'x 525, 526 (10th Cir. 2012); *United States v. Gerhartz*, 303 F. App'x 601, 603 (10th Cir. 2008).

We may issue a COA only if Mr. Arrowgarp has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the district court dismissed the case on procedural grounds, Mr. Arrowgarp "must also show that 'jurists of reason would find it debatable' whether his claim was time-barred." *Garcia v. Archuleta*, 253 F. App'x 802, 803 (10th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). This he cannot do.

Motions for relief under 28 U.S.C. § 2255 must be filed within one year of the later of, as pertinent here, "the date on which the judgment of conviction becomes final" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1), (4). The judgment in this case was entered on November 8, 2007 and Mr. Arrowgarp was aware of the defects he alleges of his counsel well

2

before that time.  The district court determined Mr. Arrowgarp had until January 8, 2009 to file his § 2255 motion.  He filed on May 20, 2013, more than four years late.

Mr. Arrowgarp argues that he is entitled to equitable tolling of the limitations period because his attorney failed to inform him of this court's decision affirming his conviction and advised him to be patient because appellate decisions take time.

Equitable tolling is a rare remedy reserved for "exceptional circumstances." *Broadus v. Hartley*, 345 F. App'x 345, 349 (10th Cir. 2009); *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).  It is only available when an inmate shows that he (1) diligently pursued his claims, and (2) "demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).  Mr. Arrowgarp fails on both counts.

Even assuming, without deciding, that Mr. Arrowgarp's attorney was negligent and failed to inform him of this court's prior decision, under this court's teachings such conduct "will rarely qualify as an extraordinary circumstance meriting equitable tolling, because 'clients, even if incarcerated, must "vigilantly oversee," and ultimately bear responsibility for, their attorneys' actions or failures.'" *Trujillo v. Tapia*, 359 F. App'x 952, 955 (10th Cir. 2010) (quoting *Fleming v. Evans*, 481 F.3d 1249, 1255-56 (10th Cir. 2007)).  Particularly

egregious attorney misconduct *may* entitle a petitioner to equitable tolling, but "an attorney's mere alleged failure to inform a client of the date on which his appeal was denied falls well short of that threshold." *Id.* at 955; *see also Broadus*, 345 F. App'x at 348-49; *United States v. Aros*, 216 F. App'x 754, 756 (10th Cir. 2007); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 463 (6th Cir. 2012); *LaCava v. Kyler*, 398 F.3d 271, 276-77 (3d Cir. 2005); *Cousin v. Lensing*, 310 F.3d 843, 848-49 (5th Cir. 2002). Yet that is all we have alleged here.

Even were we to assume Mr. Arrowgarp's attorney committed error and that error was exceptional, Mr. Arrowgarp still would fail because he has not shown that he diligently pursued his claims within the meaning of our precedents. Mr. Arrowgarp alleges only that he and his family contacted his lawyer and the public defender's office. Merely seeking the status of his case, without more about the regularity of such inquiries, is not diligent pursuit. Further, even after learning the result of his appeal Mr. Arrowgarp took almost a year to file his § 2255 motion in the district court. Accordingly, we must agree with the district court that Mr. Arrowgarp is not entitled to equitable tolling of the one-year limitations period. This resolution did not require discovery and the district court was within its discretion to deny a hearing and deem the motion for an evidentiary hearing moot.

4

Because the filing was late and equitable tolling not available to extend the time in which Mr. Arrowgarp could file a petition under § 2255, reasonable jurists could not debate whether his petition was time barred. We deny his application for a COA and dismiss this appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

5