FILED
United States Court of Appeals
Tenth Circuit

September 8, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID BRIAN MORGAN,

        Petitioner - Appellant,

v.

MIKE ADDISON, Warden,

        Respondent - Appellee.

No. 14-6130
(D.C. No. 5:14-CV-00337-R)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH, MURPHY,** and **McHUGH,** Circuit Judges.

Nearly three years after his conviction in state court for kidnapping, rape, and other crimes, David Morgan filed a petition in federal court asking to have his convictions and sentences set aside. The district court found the petition untimely and dismissed it. Mr. Morgan now seeks a certificate of appealability (COA) to contest that ruling in this court. By statute, however, we may grant a COA only if the petitioner first offers a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To clear that hurdle, Mr. Morgan

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

must demonstrate that reasonable jurists could debate whether his petition should have been resolved differently. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

That much he has not done. The district court held Mr. Morgan's petition untimely and we see no reasoned basis for disputing that conclusion. Federal law normally requires a state prisoner to file his federal habeas petition within one year of his state conviction becoming final. *See* 28 U.S.C. § 2244(d)(1). Here, Mr. Morgan waited nearly three years to file his federal habeas petition. Plainly, it was untimely just as the district court observed.

To be sure, the statutory deadline is subject to equitable tolling in "rare and exceptional" circumstances. *Broadus v. Hartley*, 345 F. App'x 345, 348 (10th Cir. 2009) (quoting *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003)). A litigant generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" preventing timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Mr. Morgan, however, cannot meet either requirement. First, the record does not show that he diligently pursued his habeas rights. Even crediting Mr. Morgan's assertions that he was on twenty-four-hour lockdown for the first eight months of confinement and that the hourly requirements of his subsequent job assignment prevented him from accessing the law library, he still falls short of explaining why it took nearly three years to lodge his petition. Second, Mr. Morgan says he waited to file until now only because his attorney didn't tell him

of his right to do so earlier. But this court has previously held similar claims insufficient to satisfy the "extraordinary circumstances" test and we do not see how we might now faithfully hold otherwise. *See, e.g.*, *Montoya v. Milyard,* 342 F. App'x 430, 432-33 (10th Cir. 2009); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

The application for a COA is denied and the appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge