FILED
United States Court of Appeals
Tenth Circuit

June 8, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DAVID BRIAN MORGAN,

      Petitioner - Appellant,

v.

 CARL BEAR, Warden,

      Respondent - Appellee.

No. 16-6048
(D.C. No. 5:15-CV-01279-R)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.

_____

Oklahoma state prisoner David Morgan, proceeding pro se, seeks a certificate of appealability (COA) and permission to proceed *in forma pauperis* (*ifp*). Exercising jurisdiction under 28 U.S.C. § 1291, we deny both requests and dismiss this matter.

## I.  **BACKGROUND**

*Morgan I* - In April 2014, Mr. Morgan filed an application under 28 U.S.C. § 2254 to challenge his 2011 convictions in Oklahoma state court for kidnapping, rape, and other charges (*Morgan I*). The district court dismissed the application as untimely, *Morgan v.*

_____

     * This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Addison*, No. CIV-14-337-R, 2014 WL 2197995, at \*1 (W.D. Okla. May 27, 2014), this court denied a certificate of appealability, *Morgan v. Addison*, 574 F. App'x 852 (10th Cir. 2014), and the Supreme Court denied *certiorari*, *Morgan v. Addison*, 135 S. Ct. 1496 (2015).

*Morgan II* - In July 2015, Mr. Morgan filed a habeas petition, which the magistrate judge construed as seeking relief under §§ 28 U.S.C. 2241 and 2254 (*Morgan II*). The district court dismissed the § 2241 claims as lacking merit and the § 2254 claims as unauthorized second or successive claims under § 2244(b).

*Morgan III* - In November 2015, Mr. Morgan filed a "Motion to be Heard under the All Writs Act 28 USCA 1651(A)," which the clerk docketed as a § 2254 application (*Morgan III*). The magistrate judge construed the filing as a motion under Federal Rule of Civil Procedure 60(b) challenging the dismissal of *Morgan II* and determined it should have been filed in that proceeding. The magistrate judge recommended that the motion be stricken, that *Morgan III* be dismissed, and that Mr. Morgan be allowed to file his Rule 60(b) motion in *Morgan II*. The magistrate judge's Report and Recommendation (R&R) advised Mr. Morgan that he could object to this recommendation and warned that failure to do so would waive the right to appellate review. Mr. Morgan did not object to the R&R, but he did file a "Motion 18 U.S.C. § 3626(a)(3)(B) Prisoner Release Orders." The district court denied the motion, adopted the magistrate judge's recommendation, and dismissed *Morgan III*. Rather than file a Rule 60(b) motion in *Morgan II*, Mr. Morgan moved for leave to file one in *Morgan III*, which the district court denied.

Mr. Morgan now seeks a COA from this court to bring an appeal in *Morgan III*. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). He also seeks leave to proceed *ifp*.

## II. **DISCUSSION**

To obtain a COA, Mr. Morgan must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).[1]

The magistrate judge determined Mr. Morgan had filed a Rule 60(b) motion in the wrong proceeding, that it should have been filed in *Morgan II* rather than *Morgan III*. The R&R therefore recommended the motion be stricken, *Morgan III* be dismissed, and Mr. Morgan be allowed to file the motion in *Morgan II*. Mr. Morgan has not shown that these recommendations, adopted by the district court, denied him a constitutional right,

---

[1] Under the "firm-waiver rule," "failure to make timely objections to a magistrate judge's recommendations waives appellate review of both factual and legal questions." *Allman v. Colvin*, 813 F.3d 1326, 1329 (10th Cir. 2016) (brackets and quotations omitted). "There are two exceptions when the firm waiver rule does not apply: when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Duffield v. Jackson,* 545 F.3d 1234, 1237 (10th Cir. 2008) (quotations omitted). The magistrate judge's order advised Mr. Morgan of his right to object to the R&R by December 16, 2015, and warned that "failure to timely object" waives the right to appellate review, *Morgan v. Bear*, No. CIV-15-1279-R (W.D. Okla. Nov. 25, 2015), ECF No. 5 at 5. We rely on grounds other than the firm-waiver rule to deny COA.

nor can we discern any basis for such a showing.  Reasonable jurists accordingly could not debate the district court's adoption of the R&R and consequent dismissal of *Morgan III*, which precludes our granting a COA.

In addition to adopting the R&R, the district court also denied Mr. Morgan's motion under 18 U.S.C. § 3626(a)(3)(B), which permits a three-judge federal court to order release of a state prisoner under limited circumstances.  No reasonable jurist could debate the district court's ruling.  Among other reasons, *see Brown v. Plata*, 563 U.S. 493 (2011) (addressing requirements for a § 3626(a) action), this motion concerns Mr. Morgan's conditions of confinement and is not properly raised in a § 2254 application. *See Palma-Salazar*, 677 F.3d 1031, 1035 (10th Cir. 2012) (stating "a prisoner who challenges the conditions of his confinement must do so through a civil rights action"). We deny COA on this issue.

## III.  **CONCLUSION**

We deny COA and *ifp* status and dismiss this matter.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge