**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 13, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID BRIAN MORGAN,

     Petitioner - Appellant,

and

ERNEST DRAPER; KENNETH
JOHNSON; CLEVE BILLINGS;
JONATHON GRAHAM; MARK
KERFOOT; STEVEN GLEN
CRADDOCK,

     Petitioners,

v.

STATE OF OKLAHOMA;
DEPARTMENT OF CORRECTIONS,

     Respondents - Appellees.

No. 20-6021
(D.C. No. 5:19-CV-00929-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

David Brian Morgan, proceeding pro se, has filed a combined opening brief and request for a certificate of appealability ("COA"). Mr. Morgan seeks to appeal from the district court's decision dismissing his "Motion to File Writ of Mandamus and Nunc Pro Tunc Judgment." On the issue requiring a COA, we deny a COA. On the issues that do not require a COA, we affirm the district court's decision.

Mr. Morgan entered a guilty plea in Oklahoma state court to thirteen counts, including rape, molestation, kidnapping, and weapons possession. He was sentenced to life in prison. The district court dismissed his first § 2254 habeas petition as untimely, and this court denied a COA. *See Morgan v. Addison*, 574 F. App'x 852, 852-53 (10th Cir. 2014). Since the dismissal of his first habeas petition, Mr. Morgan has attempted to challenge his convictions in numerous filings. *See* R. at 43 (detailing history of post-conviction challenges). His most recent filing in October 2019 was under the guise of a mandamus petition. A magistrate judge reviewed the filing and issued a report and recommendation.

The magistrate judge recommended that Mr. Morgan's arguments challenging the state court's jurisdiction to convict him be treated as unauthorized successive habeas claims and dismissed for lack of jurisdiction. He also noted that Mr. Morgan had named several other parties to be included as petitioners in the lawsuit, but there was no information about those individuals' convictions beyond vague assertions that their crimes occurred on Indian land. The magistrate judge therefore recommended that those individuals be dismissed as petitioners, leaving Mr. Morgan as the sole petitioner. The magistrate judge further recommended that, to the extent

2

Mr. Morgan's claims could be construed as asserting constitutional violations pursuant to 42 U.S.C. § 1983, those claims should be dismissed for failure to a state claim upon which relief could be granted. Finally, the magistrate judge recommended that the court decline to assert supplemental jurisdiction over any state law claims.

The magistrate judge concluded his report by advising Mr. Morgan of his right to file an objection to the report and recommendation and informing him that the failure to timely object would waive appellate review of the recommended ruling. Mr. Morgan filed a timely objection to the report and recommendation. In his objection, he noted the court's ruling that "calling a habeas by a different name does not circumvent the established law," and he stated that he "agree[d] with the findings of the U.S. District Court." R. at 50. Mr. Morgan then proceeded to object to a different order in which the court applied funds he intended to use for the filing fee in this case to another case, calling it an illegal misappropriation of funds.

The district court reviewed de novo Mr. Morgan's one specific objection to the report and recommendation. The court noted that Mr. Morgan did not object to the merits of the report and recommendation, but instead objected to another order related to his failure to pay the filing fee. Concerning the fee issue, the court explained: "$5.00 has been applied to the instant case. Plaintiff is therefore not in default; his filing fee has been paid in full." *Id*. at 58. The court adopted the report and recommendation in its entirety and dismissed the petition because Mr. Morgan

3

(1) did not file an objection to the merits, (2) did not seek an extension of time in which to object to the merits, and (3) stated that he agreed with the court's findings.

In his combined opening brief and application for a COA, Mr. Morgan argues about the merits of his petition, asserting that his convictions and sentence are invalid. He asks to be released from custody. He also contends that he is entitled to compensatory and punitive damages.

Mr. Morgan waived his right to appellate review of the district court's decision to dismiss his petition because he failed to object to the magistrate judge's recommendation on resolving his petition. "[W]e have adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). If a party fails to make a timely objection, he "waives appellate review of both factual and legal questions." *Id.* In addition, "a party's objections to the magistrate judge's report and recommendation must be . . . specific to preserve an issue for . . . appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

The firm waiver rule does not apply when (1) a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object, *Moore*, 950 F.2d at 659, or (2) the interests of justice require review, *Wirsching v. Colorado*, 360 F.3d 1191, 1197 (10th Cir. 2004). Neither of the exceptions applies in this case. The magistrate judge specifically informed Mr. Morgan of the consequences of his failure to object to the resolution of his petition, but he limited his objection to the magistrate judge's separate order about a fee issue. He did not

4

file any objections to the magistrate judge's report and recommendation on the merits of his petition. A review of the record reveals no circumstances supporting the application of the interests-of-justice exception. Thus, Mr. Morgan has waived appellate review of the arguments he now seeks to raise related to the merits of his petition. *See Soliz v. Chater*, 82 F.3d 373, 375-76 (10th Cir. 1996) (holding specific appeal arguments not raised in objections to report and recommendation were waived).

Accordingly, we deny a COA as to the dismissal of Mr. Morgan's successive habeas claims. We affirm the district court's dismissal of Mr. Morgan's § 1983 and supplemental state law claims. We grant Mr. Morgan's motion to proceed on appeal in forma pauperis.[1] Mr. Morgan remains obligated to pay the filing fee in full.

Entered for the Court
Per Curiam

---

[1] Mr. Morgan filed a supplemental brief on appeal challenging statements the district court made in its order denying his motion to proceed in forma pauperis on appeal (IFP) as to whether he paid a filing fee for an unrelated case in the United States District Court for the District of Indiana. That issue is not properly before this court because it does not involve the fee for the underlying district court case or this appeal. To the extent Mr. Morgan seeks to challenge the district court's denial of his motion to proceed IFP on appeal, that challenge is moot because we are granting Mr. Morgan's motion.